30171. STEWART *v.* PEERLESS FURNITURE CO. *et al.*

Decided December 3, 1943.

*G. Seals Aiken, Ellis McClelland,* for plaintiff.
*Dorsey, Stubbs & Dorsey,* for defendants.

PER CURIAM. ■ The defendant in error moves to dismiss the writ of error, "because it appears upon the face of the record that the suit in question was brought against two defendants jointly upon a joint cause of action; because the ruling complained of— the sustaining of the general demurrer as to Peerless Furniture Co., defendant in error—was not a final disposition of the cause or final as to any material party thereto, and would not have been such a final disposition of the cause, even if it had been rendered as claimed by plaintiff in error; and because it appears of record that the cause, as to Willis H. Irwin, the other defendant, is still pending in the court below." The question here presented was decided adversely to the movant in *Edwards* v. *Gulf Oil Corporation,* 69 *Ga. App.* 140 (24 S. E. 2d, 843). See *Hodges* v. *Seaboard Loan & Savings Association,* 188 *Ga.* 410 (3 S. E. 2d, 677); *Veal* v. *Beall,* 189 *Ga.* 31 (5 S. E. 2d, 5). In the *Hodges* case, supra, the court calls attention to the distinction between cases involving joint situations and cases involving joint causes of action. The instant case comes under the rule involving joint situations and is controlled by the *Edwards* case, supra, whereas, the motion to dismiss is based on cases involving joint causes of action, as in *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59), and like cases cited by movant. The motion to dismiss the bill of exception is overruled.

■ Paragraphs 7, 8, 9, and 10 of the bill of exceptions are as follows: "7. To the said ruling sustaining the general demurrer of Peerless Furniture Company and dismissing plaintiff's petition as to it, plaintiff excepted, now excepts and assigns the same as error as being contrary to the Constitution of the State of Georgia in the following particulars: It deprived petitioner, as he contends, of his property to the extent of $20,000 damages to his person alleged in his petition, by depriving him of a trial of his case on its merits and on the evidence, and of a jury trial, without due process of law and without equal protection of the law, in violation of the following provisions of the Georgia Constitution: Art. 1, sec. 1, par. 3, providing, 'No person shall be deprived of life, liberty or property, except by due process of law.' Art. 1, sec. 1, par. 2, providing: 'Protection to person and property is the paramount duty of government, and shall be impartial and complete.' Art. 1, sec. 1, par. 4, providing, 'No person shall be deprived of the right to

prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both.' Art. 6, sec. 18, par. 1, providing, 'The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial, or traverse jury, except in the superior and city courts.' (No exception in this case.) 8. Plaintiff excepted, now excepts and assigns said ruling sustaining the general demurrer of Peerless Furniture Company and dismissing plaintiff's petition as to it as being repugnant to the Constitution of the United States, in that it deprived him, as he contends, of his property to the extent of his damages in the amount of $20,000 proximately caused him by said Peerless Furniture Company through its agent, Irwin, as set forth in plaintiff's petition, without due process of law and without equal protection of the laws, in violation of section 1 of the 14th amendment of the U. S. Constitution, providing, 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.' 9. Plaintiff was deprived of his property, as he contends, without due process of law and without equal protection of the laws, in violation of section 1 of the 14th amendment of the U. S. Constitution, in that he was a citizen of the United States and Georgia, residing in this State, and he was deprived of the trial of his case on its merits and on the evidence, and of a jury trial guaranteed to him by the Constitution of Georgia (art. 6, sec. 18, par. 1), while other persons in like situations and similar circumstances were being granted the trials of their cases on the merits and on the evidence before juries under said provision of the Constitution of Georgia; plaintiff contends he was thereby discriminated against and deprived of the equal protection of the laws in said particulars. He contends the allegations in his petition made out a strong case against Peerless Furniture Company, the defendant against whom it was dismissed, and that under the law, if he had been allowed to submit evidence supporting said allegations, the said evidence would have

presented questions of fact for the exclusive determination of the jury under said provision of the Georgia Constitution and the decision of the Court of Appeals in the case of *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209), holding that it is the exclusive function of the jury to determine every issue of fact in every case in Georgia. 10. Plaintiff excepted, now excepts and assigns as error said ruling of the presiding judge upon the ground that it deprived him of his property to the extent of the amount of his damages in the amount of $20,000 proximately caused him by the violent assault upon his person with a pistol by the defendants, as specified in his petition, without due process of law and without equal protection of the laws, in violation of section 1 of the 14th amendment of the U. S. Constitution, by depriving him in his proceeding to obtain his said property of the following fundamental personal and property rights which have been granted by the State of Georgia to other citizens in like circumstances and similar situations ever since the establishment of the present Georgia Constitution in 1877: (a) Deprived petitioner of the operation and effect of the Georgia law that well-pleaded facts are to be taken as true on the hearing of a demurrer. (b) Deprived petitioner of the operation and effect of the law in Georgia that a plaintiff, in his petition, need not anticipate or negative a possible defect. (c) Deprived petitioner of the operation and effect of the Georgia law that facts can not be adjudicated by a judge on demurrer. (d) Deprived petitioner of the operation and effect of the Georgia law that factitious demurrers are not favored. (e) Deprived petitioner of the operation and effect of the Georgia law that a party is only required to set forth his suit in the superior court for legal relief by petition addressed to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth the cause of action, the names of the persons against whom process is prayed, and the demand for legal relief, or remedy, or both. (f) Deprived petitioner of the rules of pleading and practice in Georgia governing the matters involved. (g) Deprived petitioner of the Georgia law that no one can wrongfully or negligently injure or damage another without being answerable in damages. (h) Deprived him of a jury trial, although guaranteed by art. 6, sec. 18, par. 1 of the Georgia Constitution and the law pursuant thereto. (i) Deprived petitioner of the operation and effect of the Georgia law that the jury shall have the exclusive

power and duty to pass upon the credibility of the witnesses and to decide where the preponderance of the evidence lies in the case. (j) Deprived him of the operation and effect of the Georgia rule that 'circumstantial evidence' can always be considered by the jury in determining an issue of fact. (k) Deprived him of the operation and effect of the law controlling the questions presented in this case. (l) Deprived him of the operation and effect of the rules of evidence in force in Georgia. (m) Deprived him of the operation and effect of art. 1, sec. 1, par. 23 of the Georgia Constitution providing that the legislative, executive and judicial powers of the State shall forever remain separate and distinct, and that no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others. (n) Deprived him of the operation and effect of the applicable and controlling decisions of the Court of Appeals and Supreme Court of Georgia on the same questions. (o) Deprived him of the common law, the statute law, and the well established methods of trying cases in Georgia and throughout the United States." Plaintiff in error in his brief states: "Paragraphs 7, 8, 9, and 10 of the bill of exceptions set forth in particularity the State and Federal constitutional grounds relied upon by petitioner. These grounds are self-explanatory and require no argument and will not be reiterated here, in the interest of brevity, but they are respectfully insisted upon and the court is urgently requested to read them in the bill of exceptions." We have carefully read paragraphs 7, 8, 9, and 10 of the bill of exceptions and the authorities cited by the defendant in error. No authorities are cited by the plaintiff in error. After careful consideration, we are of the opinion that the contentions set out in paragraphs 7, 8, 9, and 10 of the bill of exceptions are without merit.

■ The plaintiff brought an action sounding in tort against Willis H. Irwin and Peerless Furniture Company. The court sustained the general demurrer of Peerless Furniture Company to the plaintiff's petition. The only allegations necessary to be considered in determining whether the general demurrer should have been sustained are: That the plaintiff had a room and lived in the same building in which Lillian Evans lived: that he was walking back home from a café; that he had left a pair of freshly shined shoes setting on the porch of the building in which he lived, when he went to the café; that as he came near the porch of his home on his

way back from the café, he saw one of his said shoes being thrown and it landed on the ground about 10 feet from him; that he recognized his shoe and that he walked to the point where it fell and stooped to pick it up. And the further allegations in the four following paragraphs of the petition, to wit: " (16) As the plaintiff stooped to pick up his said shoe, a white man whom he did not even know and whom he later learned to be the defendant, Willis H. Irwin, a collector for Peerless Furniture Company, turned on him with a pistol, and started shooting at plaintiff without any warning or provocation whatever, striking petitioner with one bullet in his abdomen, and another in his left shoulder. . . 34. Plaintiff shows that the said Willis H. Irwin was acting within the scope of his employment as a collector, agent, and servant of the Peerless Furniture Company at the time he shot and severely and critically injured plaintiff. 35. That the Peerless Furniture Company knew its said collector, agent, and servant, Irwin, carried a pistol on him on his rounds making collections. That said collector had a violent temper and vituperative tongue and was in the habit of flashing his pistol at others upon the slightest pretext. That he was a dangerous character. That he had a strong feeling of resentment against one Lillian Evans who lived at 238½ Houston Street, N. E., which was in the same building where plaintiff had his room. That the defendant corporation had been notified by the said Lillian Evans to have its said collector stop coming to said building to collect from her on account of his foul language, threats, and prior assault with a pistol, as well as his threats and assaults upon others in said building. 36. Plaintiff shows that the said defendant, Willis H. Irwin, as agent, servant, and collector of Peerless Furniture Company was attempting to make a forcible collection of money for said company from Lillian Evans as plaintiff appeared upon the scene and started picking up his shoe, which Lillian Evans had thrown at the said collector of the defendant company when said collector had called her a foul name and threatened her as he attempted to force a collection from her for said company." The defendant demurred to paragraph 34 of said petition and moved to strike same, "for the reason that same constitutes a mere conclusion of the pleader, without facts alleged in said paragraph or other paragraphs of said petition to support said conclusion," and argues in his brief that "it is not alleged that Irwin, in shooting

the plaintiff, was acting within the scope of his employment, but merely that at the time the shooting occurred, Irwin was an employee of the Peerless Furniture Company." We think that paragraph 34 of the petition was a statement that Irwin was *acting* as agent of Peerless Furniture Company at the time he severely shot and injured the plaintiff; not that he was merely the agent of the company, but that what he did, to wit, the act of shooting the plaintiff, was done within the scope of his authority as such agent. In *Bates* v. *Southern Railway Co., 52 Ga. App.* 576, 577 (183 S. E. 819), the court stated: "The demurrer admits only the facts pleaded, not the legal conclusions drawn by the pleader. The principal, or master, is responsible for the negligence of the agent or servant only as to acts done within the scope of the agency or service. *Lewis* v. *Amorous, 3 Ga. App.* 50 (59 S. E. 338). In an action seeking to charge one for the acts of another, on the theory that the one was the agent of the other, it is necessary that the petition disclose, either expressly or by necessary implication, not only the existence of the agency, but also the connection of the act with the employment." Where there is no express allegation of agency and the plaintiff undertakes to allege preliminary facts to show that such agency, the ultimate fact, existed as would make the alleged principal responsible to the plaintiff for the acts of the alleged agent, the petition must allege facts which would demand a conclusion that the alleged agent was acting in the prosecution and within the scope of his employment at the time of the injury; otherwise it would be demurrable as not setting out a cause of action against the principal. Where agency is *expressly* averred, a general allegation is sufficient. "If the tort of the agent is committed in the prosecution and within the scope of the principal's business, it is done with the implied command or assent of the principal, and in such case it is unnecessary to make proof of an express command or assent. A principal may be liable for the wilful tort of his agent, done in the prosecution and within the scope of his business, although it is not expressly shown that he either commanded the commission of the wilful act or assented to it. Since the determinative question in the case is whether the act is done 'in the prosecution and within the scope of' the principal's business, there are many cases where it has been held that either command or assent can properly be implied, or that the principal

was negligent in the choice of his agent." *Planters Cotton-Oil Company* v. *Baker,* 181 *Ga.* 161, 183 (181 S. E. 671). Where, as here, the agency is expressly averred, but the petition also alleges the specific facts which show the relation between the parties, and those facts show that he was not the agent, then such general allegations of agency must yield to such specific facts as alleged, and the petition is demurrable on the ground that it is a mere conclusion of law not sustained by the facts. "The petition must be construed in the light of the facts set forth, and not solely in view of the bare allegation, in the nature of a conclusion, that the act of the driver was done in the scope of his employment. Since the specific allegations of the petition plainly and distinctly negative as a fact the general charge that the acts complained of were in the prosecution of the master's business and within the scope of the servant's employment, the specific averments will prevail. [See cases cited] . . The petition failed to set forth a cause of action, and the general demurrer should have been sustained." *Atlanta Coca-Cola Bottling Company* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776). The allegations of the petition show that at the time the attack was made on Edwards the agent had stepped aside from his master's business, and committed a deplorable attack on a third person, which was wholly disconnected from his master's business.

The court did not err in sustaining the general demurrer of Peerless Furniture Company to the petition.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. Where agency is expressly averred a general allegation is sufficient. Where, as in the instant case, the agency is expressly alleged by a general allegation and the business of the principal on which the agent was alleged to have been acting was described, and there are no allegations of specific facts which show that there was no agency, the petition is not subject to general demurrer for the reason that the allegations of agency constitute a mere conclusion of the pleader without facts alleged to support such a conclusion. Here the agency was expressly averred, and the business on which the agent was alleged to have been acting was described. The general demurrer was properly overruled, not because it was unnecessary that the agent have authority to act, but because alleging him to be an agent implies that he was au-

thorized, and the allegations can be sustained only by proving authority, express or implied. Pacific Mutual Life Insurance Co. *v.* Barton, 50 Fed. 2d, 362. Of course, if the agency is expressly averred, but the petition also alleges the specific facts which show the relation between the parties, and those facts show that he was not the agent, then such general allegations of agency must yield to such specific facts as alleged, and the petition is demurrable on the ground that it is a mere conclusion of law not sustained by the facts. There could have been no past ill feeling between Irwin and Stewart. Irwin, the alleged agent, did not know Stewart, and the only grievance, if any, he could have had against Stewart was in connection with the transaction of the forcible collection of a bill of the employer. It was alleged that the agent had a violent temper and was in the habit of flashing his pistol at others on the slightest pretext; that he was a dangerous character; and that all of this was known to the employer. When the alleged agent, while attempting to collect a bill of his employer forcibly from Lillian Evans, and Stewart, who had just arrived on the scene, picked up a shoe which had been thrown at the agent by Lillian Evans, and the agent, through lack of discretion, assumed that Stewart was going to engage in the defense of Lillian Evans, and, being of a known violent temper, was so controlled by it that under the influence of passion aroused by the circumstances and the occasion, he went beyond the strict line of his duty or authority and did the act in the course of his employment and in furtherance thereof. Under such circumstances, the law will regard the act as having been impliedly authorized by the master. The allegations of the petition, when considered one with the other, in effect, are that the shooting was not caused because of a personal grievance wholly disconnected from the business then in hand, to wit, the transaction of the attempted forcible collection; but by alleging that the act of shooting was done by Irwin while acting within the scope of his authority as agent for Peerless Furniture Co., and also describing the manner in which as agent, he was conducting the transaction of collecting, or rather, forcibly attempting to collect a debt of his principal, the petition, in effect, alleged that the shooting was not a disconnected act or thing in which the defendant stepped aside from the business of his principal; but that the shooting was one of a number of elements, or parts, of the business

transaction which made up the one entire transaction of attempting to forcibly collect a debt on the occasion in question; and thus the whole composite transaction includes and connects up its various parts, of which the shooting of the plaintiff was one. The principal or master is liable for the torts of his agents or servants "when such torts are committed in connection with the business entrusted to them, and spring from and grow immediately out of such business." *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470, 472 (65 S. E. 322). The allegations as to agency, as made in the petition, were good as against general demurrer. The description of the business on which the agent was alleged to have been acting does not show that Irwin was not the agent of Peerless Furniture Co., and the master, having put the servant in a place of responsibility, and having committed to him the collection of his "bills of account," is responsible, if as alleged, the servant from infirmity of temper or under influence of passion aroused by the circumstances and occasion, goes beyond the strict line of duty or authority and inflicts unjustifiable injury upon the plaintiff, for the law will regard the act as having been impliedly authorized by the master. *White* v. *American Security Co.,* 48 *Ga. App.* 370 (172 S. E. 853); *Thompson* v. *Wright,* 109 *Ga.* 466, 469 (34 S. E. 560); *Atlanta Steel Co.* v. *Mynahan,* 138 *Ga.* 668 (8) (75 S. E. 980); *Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (61 S. E. 713); 3 C. J. S. 238, § 305. I think the court erred in sustaining the general demurrer of Peerless Furniture Co., and dismissing the case as to them.