## 32072. LEWIS *v.* MILLER PEANUT COMPANY.

DECIDED JULY 8, 1948.

E. L. Smith, for plaintiff.

S. B. Lippitt, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ Under the doctrine of respondeat superior as applied in this State, every person is liable for the torts of his servant committed in the prosecution and within the scope of his business, whether the same is by negligence or voluntary. See Code, § 105-108. In the case at bar the question which arises, upon the sustaining of a general demurrer, is whether the facts alleged in the petition, when construed most strongly against the pleader, show as a matter of law that at the time of the accident Hufstettler was acting within the scope of his employment. No issue has been made as to other questions which might arise on general demurrer, and it appears to be conceded that the allegations as to jurisdiction and negligence are sufficient to support a cause of action. The question of ownership of the automobile is immaterial, so long as it is made to appear that the servant employee was operating it while under the control and direction of his employer, and within the scope of his employment. *Massachusetts Cotton Mills* v. *Byrd,* 38 *Ga. App.* 241 (143 S. E. 610). The pleader has alleged as a conclusion that the employee was acting within the scope of his employment. This conclusion must be construed in view of the specific allegations of the petition which support it, and if there is any conflict, the specific allegations will be controlling. *McClure Ten Cent Co.* v. *Humphries,* 29 *Ga. App.* 524 (116 S. E. 54); *Stewart* v. *Peerless Furniture Co.,* 70 *Ga. App.* 236 (3, 4) (28 S. E. 2d, 396). The petitioner states that the employee's "trade and contract with the defendant includes the privilege and duty of going to and from Leary to carry on the business of his said employer, the contract of employment providing for said employee to go to Leary, Georgia, each morning and return to his home in Albany, Georgia, by automobile in the afternoon or evening." Properly construed, this allegation means that the employee is permitted and required to live in Albany, has duties in Leary, and in order for him to carry out these duties it is necessary for him to travel from Albany to Leary each morning, and return in the afternoon or evening.

The petition nowhere alleges whether or not the employee was on his way to work, but does conclude that the employee was acting within the scope of his employment at the time of the accident, and although this conclusion is not warranted from the above allegation as to the contract providing for the employee to go to Leary, Georgia, each morning, considered with the other allegations the conclusion that he was proceeding from his home in Albany to his place of work in Leary is justified, but ordinarily an employee who is on his way to work is not acting within the scope of his employment, as he has not yet commenced to attend to the business of his employer. See *Elrod* v. *Anchor Duck Mills*, 50 *Ga. App.* 531, 533 (179 S. E. 188); *Stenger* v. *Mitchell*, 70 *Ga. App.* 563 (28 S. E. 2d, 885), and citations. The alleged facts in the present case distinguish it from the holdings in these cases. According to the amended petition, the contract of employment with Hufstettler required that he travel only by daylight, and included duties in Albany concerning purchases of machinery and repair parts and consultation with his employer, and making trips to other cities as well as Leary, and he was paid for the time consumed in travel between Albany and Leary, received traveling expenses for this travel, and his employment was general in nature. This is somewhat analogous to the case of a traveling salesman engaged in travel by automobile between two cities in which he is required to work, and in cases arising under the workmen's compensation law this has been held within the course of employment. See *U. S. Fidelity & Guaranty Company* v. *Skinner*, 188 *Ga.* 823, 826 (5 S. E. 2d, 9), and the cases there cited. Compare *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256 (1) (175 S. E. 577), also a workmen's compensation case, where it was held that under the evidence a finding by the board was authorized to the effect that the employee's work began at the mill, although after reporting there each day he was required to travel on the truck of a third person to a point 20 miles away to the place of actual work. In the present case, under the facts alleged, while the employee of the defendant was traveling back and forth between Albany and Leary, he was acting within the time covered by his employment and for which he was paid, and under his contract of employment it was his "privilege and duty" to make these trips, and he

was engaged in serving his master in the scope of his employment which was general in its nature.

■ The only question presented by special demurrer was directed to the completeness of paragraph 4 of the original petition, which sets out the contract of employment and duties of the employee, and was based on the grounds that it is vague and indefinite, and plaintiff by his amendment to the petition, setting out details of the duties of the employee, has met the objections raised by special demurrer.

■ The petition as amended states a cause of action, and the court erred in sustaining the demurrers and in dismissing the petition.

*Judgment reversed. Felton and Parker, JJ., concur.*