62957, 62958. COLLINS v. EVERIDGE et al. (two cases).

SOGNIER, Judge.

William Collins was riding a motorcycle when he was involved in a collision with a truck driven by Jack Everidge and owned by Harold Jones, d/b/a Dove Construction. Collins and his wife, Dawn, filed separate actions as a result of the injuries sustained by William. Both suits were brought on the theories of respondeat superior and negligent entrustment. The trial court granted summary judgment in favor of Jones and Dove Construction and the Collins appeal.

1. Appellants contend that the trial court erred in granting summary judgment in favor of Jones on the issue of respondeat superior because there is an issue of fact as to whether Everidge was in the scope of his employment at the time of the collision. It is undisputed that Everidge was employed by Jones and that the truck he was driving was owned by Jones. The collision took place on a Saturday afternoon; Everidge was not working on the day of the collision but Jones had allowed Everidge to use the truck over the weekend. Everidge was to pick up other employees of Jones on his way to work the following Monday. Everidge testified on deposition that he was on his way to the drugstore to purchase medication for himself when the collision occurred. "It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (208 SE2d 17) (1974). Once this presumption arises the burden then shifts to the employer 'to rebut the presumption by evidence that is "clear, positive and uncontradicted" and that shows the servant was not in the scope of his employment.' *Massey v. Henderson,* 138 Ga. App. 565 (1) (226 SE2d 750) (1976)." *IBM, Inc. v. Bozardt,* 156 Ga. App. 794, 795 (275

SE2d 376) (1980).

The appropriate test to determine when a plaintiff in this kind of case can overcome a defendant's motion for summary judgment is stated in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 780 (257 SE2d 186) (1979), as follows: "When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the 'other fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment." Appellants here contend that the fact that Everidge was to use Jones' truck to pick up laborers on his way to work on Monday morning was a sufficient "other fact" to send the case to the jury. We do not agree.

The uncontroverted evidence in the instant case is that Everidge was in no manner performing any service that could be considered in the prosecution of his employer's business, thus the presumption was rebutted. The "other evidence," i.e., Everidge's responsibility of picking up other Jones employees on Monday morning, had nothing whatever to do with his activities on Saturday. "The test is whether the particular activity engaged in serves in some way to prosecute the employer's business . . ." *Massey v. Henderson,* supra, p. 567.

The cases cited by appellants in support of their contention that the jury should decide whether Everidge was acting within the scope of his employment are clearly distinguishable. In *Davies v. Hearn,* 45 Ga. App. 276, 279 (164 SE 273) (1932), the driver of defendant's truck was on his way home from his place of employment when he detoured with his employer's permission to pick up his wife. The driver of the truck in that case took the truck home every evening so that it would be available for him to pick up lumber on his way to work each morning. In *Ga. Power Co. v. Mozingo,* 132 Ga. App. 666, 668 (209 SE2d 66) (1974), the employer's truck was equipped with a two-way radio and the employee was subject to the direction and control of his supervisors whenever they communicated with him even though he was on his way to lunch.

In *West Point Pepperell v. Knowles,* supra, during a rest stop at his home from his duties as a truck driver, the employee went out in the truck to purchase fuel and took his wife for a ride in the truck. This court held that in such a case, unless it was plain and undisputable that the action of the employee was not in the

prosecution of his master's business, a jury question was presented. Id., at 256. In *Chappell v. Junior Achievement &c. Atlanta,* 157 Ga. App. 41 (276 SE2d 98) (1981), at the time of the accident the employee was using a company car to attend a function on behalf of the employer and was on his way home from the function.

Finally, in *IBM, Inc. v. Bozardt,* supra, at p. 797, the employee was driving a rental car at the expense of the employer, and, while away from his home at the express directions of his employer, while lodging in public accommodations, and while going to and from meals, he was performing an act in the scope of his employment or necessarily incident thereto.

We do not find that the circumstantial evidence in the instant case constitutes such "other facts" sufficient to support a verdict in favor of appellant. The fact that Everidge had the use of the truck over the weekend and was to pick up laborers on Monday morning was perfectly consistent with the unimpeached testimony that Everidge was not acting within the scope of his employment at the time of the collision with Collins. *Allen Kane's Major Dodge,* supra, at p. 781. Thus, it was not error for the trial court to grant summary judgment on the issue of respondeat superior.

2. Appellant also contends that the trial court erred in granting summary judgment in favor of Jones on the issue of negligent entrustment. On deposition, Jones steadfastly denied knowledge that Everidge had a drinking problem; he denied that Everidge came to work when he was drinking; and he denied knowledge that Everidge had ever been drinking while driving Jones' truck. Everidge testified that he did not consider himself a problem drinker but that he drank beer when he wanted one and that Jones knew that he drank some; that he had received three tickets for DUI (including the ticket issued in connection with the collision with Collins), but that the prior two incidents were in North Carolina in 1967. There was no evidence that Jones knew of the prior DUI incidents. Both Jones and Everidge testified that Jones had admonished Everidge not to drink and drive the truck.

"Under the theory of negligent entrustment, 'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]' *Saunders v. Vikers,* 116 Ga. App. 733, 735 (158 SE2d 324)." *May v. Phillips,* 157 Ga. App. 630, 631 (278 SE2d 172) (1981). It was incumbent on appellants, in opposing Jones' motion for summary judgment to show that Jones

had " 'actual knowledge of a *pattern of reckless driving* or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination.' " (Emphasis supplied.) *May v. Phillips,* Id., at p. 631.

Even assuming that appellants produced evidence that Everidge may have been an incompetent or reckless driver, we see no evidence either direct or circumstantial that Jones had any *actual knowledge* of a pattern of recklessness or any incompetency on the part of Everidge. See *Jones v. Cloud,* 119 Ga. App. 697 (168 SE2d 598) (1969). Cf. *Thompson v. Bolton Chevrolet,* 125 Ga. App. 369 (187 SE2d 574) (1972). Thus, the trial court was correct in granting summary judgment in favor of Jones on the issue of negligent entrustment.

3. Appellants' other enumeration of error is totally without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 17, 1982.

R. M. Bernhardt, Graham James Purpura, James T. Perry, for appellants.

*Al Johnson, Mike Treadaway,* for appellees.