## 65419. PRESSER v. RAYNER et al.

POPE, Judge.

Appellant Marilyn Gail Presser brought suit against appellees Robert J. Rayner and Ruis Ceramic Tile Company (Ruis), seeking damages for injuries incurred in a collision when the vehicle operated by Rayner collided with the rear of Ms. Presser's automobile. The complaint alleged that the vehicle being driven by Rayner was owned by Ruis and furnished to its employee Rayner for his use on the job, and that at the time of the collision Rayner was acting within the scope of his employment as the agent, servant and employee of Ruis. This appeal is brought from the ruling of the trial court on motion for summary judgment by Ruis, that at the time of the collision Rayner was not acting as the agent, servant or employee of Ruis and was not within the scope of his employment.

The evidence presented on the motion for summary judgment established that Rayner was a job superintendent for Ruis, working on the construction of the new Atlanta Public Library. About a week

prior to the incident in question, because Rayner's truck was under repair and he needed a vehicle for hauling material around the construction site, at Rayner's request the president of Ruis let him use a pick-up truck owned by the company. While it appears that during this time Rayner was also using this vehicle to drive back and forth from his home to the construction site, the testimony was conflicting as to whether he was authorized by Ruis to do so. On the day the collision occurred, Rayner left the construction site at 4:00 or 4:30 p.m. and went directly to a bar at North Druid Hills Road and Buford Highway. During a period of several hours Rayner consumed "probably somewhere between ten and twenty beers," chased by shots of straight bourbon. The collison occurred about 9:00 or 9:15 that evening, but Rayner recalled nothing about when he left the bar, where he was going, or any facts surrounding the collision.

" 'It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (208 SE2d 17) (1974). Once this presumption arises the burden then shifts to the employer "to rebut the presumption by evidence that is 'clear, positive and uncontradicted' and that shows the servant was not in the scope of his employment." *Massey v. Henderson,* 138 Ga. App. 565 (1) (226 SE2d 750) (1976).' *IBM, Inc. v. Bozardt,* 156 Ga. App. 794, 795 (275 SE2d 376) (1980).

"The appropriate test to determine when a plaintiff in this kind of case can overcome a defendant's motion for summary judgment is stated in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 780 (257 SE2d 186) (1979), as follows: 'When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.' " *Collins v. Everidge,* 161 Ga. App. 708 (1) (289 SE2d 804) (1982).

We do not agree with appellant's contention that because there was some evidence that Rayner was authorized to take the truck home, and that it arguably would be beneficial to the company that he have a dependable means of transportation, a jury issue was presented. Indeed, Rayner did not even show by his own testimony

that he was on his way home from the bar when the collison occurred. This is not the "other evidence" contemplated in the authority cited above, because it does not indicate that at the time of the collision Rayner was "in any remote way serving the benefit of his employer or acting on his behalf. The cases are clear that, where there is no such evidence, the presumption is overcome as a matter of law. [Cits.]" *Massey v. Henderson,* supra, at 566-67. Accord, *Evans v. Dixie Fasteners,* 162 Ga. App. 74 (290 SE2d 172) (1982). Consequently, the trial court correctly granted summary judgment on the issue of respondeat superior.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 4, 1983 —
REHEARING DENIED MAY 16, 1983 — 

*Thomas W. Thrash, Jr.,* for appellant.
*Glenn Frick, Robert P. Bleiberg, Edward L. Savell,* for appellees.