## 76754. JONES v. ALDRICH COMPANY, INC.
### (373 SE2d 649)

McMURRAY, Presiding Judge.

Esther Reifman was employed by Aldrich Company, Inc., ("Aldrich") as an architectural designer. Reifman lived in Dunwoody, Georgia and Aldrich had its offices in Smyrna, Georgia.

On May 20, 1985, Reifman left Aldrich's offices on an assignment at approximately 3:00 p.m. She took her own automobile and was to

be paid mileage expenses for making the trip.

Reifman went to a job site in Buford, Georgia, to inspect a building designed by Aldrich. She was asked to make the trip in the late afternoon in order to minimize her travel time during working hours. (Typically, Reifman worked from 8:30 a.m. to 5:30 p.m.)

Reifman arrived at the job site and met with the job site superintendent. Then, she proceeded home, leaving the site at about 4:50 p.m. On her way home, Reifman's automobile collided with a pick-up truck driven by William Harold O'Kelley and O'Kelley's vehicle burst into flames.

Reifman and O'Kelley were both injured in the collision. A helicopter ambulance arrived to transport O'Kelley to the hospital and while O'Kelley was being transported, the helicopter crashed. O'Kelley died six days later.

Inquiries about workers' compensation benefits were made on behalf of Reifman. Thereafter, Reifman received weekly income benefits. She also received payment for her medical expenses.

Plaintiff Jones, the administrator of O'Kelley's estate, brought this action against Reifman and Aldrich seeking damages for O'Kelley's pain and suffering. It was alleged that Aldrich was liable to plaintiff under a respondeat superior theory.

The complaint was answered by Reifman and Aldrich and, following discovery, plaintiff moved for summary judgment with regard to the respondeat superior issue. Plaintiff's summary judgment motion was denied. Then, Aldrich moved for summary judgment asserting it could not be held vicariously liable as a matter of law. Its summary judgment motion was granted.

Plaintiff appeals, enumerating error upon the grant of Aldrich's motion for summary judgment and the denial of his motion for summary judgment. *Held*:

1. "In *American Oil Co. v. McCluskey*, 119 Ga. App. 475, 477 (167 SE2d 711), citing *Fielder v. Davison*, 139 Ga. 509, 511 (77 SE 618) (1913), this court stated: ' ". . . (T)he general rule is that a master is liable for the tort of his servant, whether negligent or voluntary, if done by his command or in the prosecution and scope of his business. (Cit.) The expressions, 'in the scope of his business,' or 'in the scope of his employment,' or similar words, have sometimes been given too narrow a meaning. A master rarely commands a servant to be negligent, or employs him with the expectation that he will commit a negligent or wilful tort; but if the act is done in the prosecution of the master's business, that is, if the servant is at the time engaged in serving the master, the latter will be liable. (Cit.)" ' The court further stated at 478, ' "(a) servant is acting within the scope of his employment when he is engaged in doing for his master what he has been directed to do, or, as it has been said, 'any act which can fairly and

reasonably be deemed to be an ordinary and natural incident or attribute of that act, or a natural, direct, and logical result of it' is within the meaning of the phrase 'scope of employment.' . . ."'" *International Business Machines v. Bozardt*, 156 Ga. App. 794, 797, 798 (275 SE2d 376).

In determining whether an employee was acting within the scope of his employment at a time when he was involved in an automobile collision, we need not consider ownership of the automobile. "The question of ownership of the automobile is immaterial, so long as it is made to appear that the servant employee was operating it while under the control and direction of his employer, and within the scope of his employment. [Cit.]" *Lewis v. Miller Peanut Co.*, 77 Ga. App. 380, 383 (49 SE2d 221).

"As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 196, § 3041." *Stenger v. Mitchell*, 70 Ga. App. 563, 566 (28 SE2d 885). See also *Bailey v. Murray*, 88 Ga. App. 491, 496 (77 SE2d 103). An exception to the general rule is to be made, however, where the employee undertakes a special mission at the direction of the employer. See generally *Chappell v. Junior Achievement*, 157 Ga. App. 41 (276 SE2d 98). As it is said, "Where the employee, before or after customary working hours, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer, and an injury arises en route from the home to the place where the work is performed, or from the place of performance of the work to the home, such injury is considered as arising out of and in the course of the employment." 6 Blashfield Auto. Law & Practice, 170, § 253.34. See also *Gebert v. Clifton*, 553 SW2d 230, 232 (Tex. App. 1977).

In the case sub judice, the alleged act of negligence occurred while Reifman was going home. But, Reifman had not left Aldrich's usual work place. On the contrary, Reifman left a job site to go home after performing a special errand on behalf of Aldrich. Accordingly, it cannot be said that Reifman was not in the prosecution of Aldrich's business as a matter of law. Whether Reifman was acting within the scope of her employment when she collided with O'Kelley is a question which must be resolved by the trier of fact. *International Business Machines v. Bozardt*, 156 Ga. App. 794, 797, supra. The trial court erred in ruling otherwise.

2. Plaintiff contends he is entitled to summary judgment upon the respondeat superior aspect of this case and that the superior court

erred in denying his summary judgment motion. In this regard, he argues that Aldrich is estopped from denying it is vicariously liable since Reifman was paid workers' compensation benefits. Completing the argument, plaintiff points out that Reifman would not have been paid workers' compensation benefits unless she was injured by an accident arising out of and in the scope of her employment. See OCGA § 34-9-1 (4).

"To be injured within the course or scope of one's employment in the context of the worker's compensation system is not the same thing as to be in the course or scope of one's employment and cause injury to a third person who is foreign to the employee-employer relationship. . . . Worker's compensation is a creature of statute and one designed especially to protect workers injured in the course of their work. The statute is liberally construed to provide coverage to the worker. Within the context of the statute, the employer has a *special duty* vis-a-vis the employees who work for him. Under worker's compensation, an employee is covered for injuries which arise '* * * out of and in the course of employment. . . .' This states a problem of proof different from that which is encountered in the negligence area. . . . Within the general negligence sphere, the rules regarding 'scope of employment' are somewhat different. This is so for a number of reasons. A liberal statute designed to benefit workers is not involved. There is no special relationship giving rise to a special duty as in worker's compensation. There is no sound reason for finding liability without fault for social or economic reasons." *Beard v. Brown*, 616 P2d 726, 736, 737 (Wyo. 1980).

Since the laws of workers' compensation and negligence are so different, an employee can be said to be within the scope of employment for workers' compensation purposes and not within the scope of employment for negligence purposes. It follows that Aldrich is not estopped from denying vicarious liability simply because Reifman was paid workers' compensation benefits. The superior court did not err in denying plaintiff's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988

*James E. Butler, Jr., Robert D. Cheeley*, for appellant.
*Glenn Frick, Totsy Nichols*, for appellee.