A92A1401. RIEL et al. v. PAULDING COUNTY BOARD OF EDUCATION.
(425 SE2d 305)

SOGNIER, Chief Judge.

Raymond Riel and Robin Riel brought suit against Ricky Barnes seeking damages for injuries and loss of consortium incurred in a collision between vehicles driven by Raymond Riel and Barnes. Barnes' employer, the Paulding County Board of Education ("the Board"), was added by amendment, and Barnes was dismissed after the Riels settled their claim against him. The Board filed a motion for summary judgment, and the Riels filed cross-motions for summary judgment as to the issues of the scope of Barnes' employment and Barnes' negligence. After a hearing, the trial court granted the Board's motion for summary judgment and denied those of the Riels. The Riels appeal.

1. Appellants contend the trial court's ruling was error because a question of fact remains whether Barnes was acting in the course of his employment at the time of the collision, thereby making appellee liable under the doctrine of respondeat superior. The collision occurred in the late afternoon hours on October 26, 1990. The evidence

---

showed that at the time of the accident, Barnes held two positions with appellee. He was employed at appellee's office as a delivery person working 40 hours per week, and also held a second job as a part-time custodian at P. B. Rich School, working 20 hours per week. The trial court concluded that this did not "appear to be a case of deviation from and return to course of employment" but was instead "a case where the employee had already left one job [with appellee] and had not yet arrived at the second one." We agree with the trial court that the evidence of record supports this conclusion.

In support of its motion, appellee proffered affidavits from several of its members, the principal of P. B. Rich School, and Barnes, in which the affiants averred, inter alia, that Barnes provided his own transportation to appellee's office every day and picked up appellee's delivery truck for use in his delivery work, delivering supplies to various locations in the school system from approximately 8:00 a.m. to approximately 4:00 p.m. When he had completed his deliveries, Barnes returned the delivery truck to its location at appellee's office and picked up his personal vehicle. He was free to set his own hours at his second job provided the assigned tasks were completed before the beginning of the next school day. His usual practice was to return home in his personal vehicle after completing his first job to eat and rest before beginning the second job. On the day in question, Barnes had completed his first job and returned the delivery truck to appellee's office. He had then driven his own car to a hair stylist, where he made an appointment for the next day, and was en route either to his home or to P. B. Rich School when the collision occurred.

"To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own. The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master." (Citations, emphasis and punctuation omitted.) *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739 (356 SE2d 693) (1987). Since it is well established that an employee on the way to work is not in the course of his employment but rather is engaged in a personal activity, see *Chattanooga Pub. Co. v. Fulton*, 215 Ga. 880, 883 (114 SE2d 138) (1960), any alleged contradiction in Barnes' deposition testimony regarding whether he intended to stop at his home before going to P. B. Rich School is immaterial, for under either version of the facts he had completed his first job and had not commenced the second, and either destination would place the trip in question outside the course of his employment.

Appellants cite cases, typified by *Barge v. City of College Park*, 148 Ga. App. 480 (251 SE2d 580) (1978) and *McDonald v. State Hwy. Dept.*, 127 Ga. App. 171 (192 SE2d 919) (1972), in support of their

argument that Barnes was a "continuous" employee of appellee and thus was in the course of his employment when the collision occurred despite the personal nature of his trip. These cases are inapplicable. First, they were decided under predecessor statutes of the Workers' Compensation Act, OCGA § 34-9-1 et seq., where the rules regarding the scope of employment are different. See *Jones v. Aldrich Co.*, 188 Ga. App. 581, 584 (373 SE2d 649) (1988). Second, they are factually distinguishable because the employment involved either required the employees to be on call at all times, such as police work, or necessitated employer directed travel away from home. Thus, the employees were considered to be in the course of their employment at all times, even when not performing specific tasks required by their employers. Neither circumstance is relevant in the case sub judice, and accordingly Barnes was not a "continuous" employee of appellee.

This case is likewise distinguished from *Jones*, supra, because in *Jones* a collision occurred while the employee was returning home from a visit to a job site different from her usual workplace that she had been required by her employer to visit during working hours. In the case sub judice, Barnes was following his usual routine, had completed his first job, and had not yet begun his second. As he was not in the course of his employment when the collision occurred, but was simply engaged in personal business between his first and second jobs, the trial court properly granted appellee's motion for summary judgment and denied appellants' motion on this issue.

2. We need not address appellants' contention that the trial court erred by denying their motion for partial summary judgment as to the issue of Barnes' negligence, since Barnes has been dismissed from this action and our holding in Division 1 renders that issue moot as to appellee.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 26, 1992 —
RECONSIDERATION DENIED NOVEMBER 10, 1992

*Goldstein & Redic, James A. Goldstein, Patrick R. Matarrese*, for appellants.

*Gorby, Reeves, Moraitakis & Whiteman, Nicholas C. Moraitakis, Mary M. House*, for appellee.