A94A0124. SCHOFIELD v. COX ENTERPRISES, INC.
(441 SE2d 693)

BLACKBURN, Judge.

Appellant Brenda Schofield, as executrix of the estate of Edward Schofield and as surviving spouse, brings this appeal from the trial court's order granting summary judgment to Cox Enterprises, Inc., d/b/a Atlanta Journal & Constitution (Cox), the defendant in the underlying case. Schofield asserts that the trial court erred in finding that no issue of material fact existed and in granting Cox's motion for summary judgment.

Appellant brought the underlying action against Berhane Woldemichael[1] and Woldemichael's employer Cox to recover damages for the alleged wrongful death of Edward Schofield. The undisputed facts show that in August 1991, Woldemichael was employed by Cox as an assistant newspaper delivery route manager. Woldemichael was required to furnish his own transportation to deliver newspapers to the vending machines on his route. For this purpose, Woldemichael used his wife's van. Woldemichael was paid an hourly wage for a predetermined number of hours and mileage for a predetermined number of miles.

Woldemichael's work schedule varied; however, on August 12, 1991, the day of the accident, Woldemichael was scheduled to work a morning and an afternoon shift. The time between the morning and afternoon routes (between one-and-one-half and two-and-one-half hours) was Woldemichael's personal-unpaid time. After Woldemichael completed his morning route on the date of the incident, he had some unsold newspapers to return to Cox. Although he was not

---

[1] Woldemichael is not involved in this appeal.

required to return them immediately, Woldemichael planned to take the newspapers to Cox after he had the alignment on his wife's van checked.

Woldemichael stopped at Crazy Ed's Tire & Auto Center for an adjustment to the front-end alignment previously performed there. Crazy Ed's was located across the street from his last delivery stop. Upon Mr. Schofield's request and at his direction, Woldemichael drove the van onto the alignment ramp. When Mr. Schofield motioned Woldemichael to stop the van, Woldemichael applied the brakes but the van continued to move forward off the front end of the ramp. Mr. Schofield died as a result of being pinned against the wall by the van.

Appellant asserts that Cox was responsible for Mr. Schofield's death on a theory of respondeat superior. "To hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. *The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.*" (Citations and punctuation omitted.) *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). See also *Riel v. Paulding County Bd. of Ed.*, 206 Ga. App. 230 (1) (425 SE2d 305) (1992); *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738 (356 SE2d 693) (1987).

*Marketing Sales Indus. of Ga. v. Roberts*, 118 Ga. App. 718 (165 SE2d 319) (1968), is analogous to the present case. Therein, the plaintiff was injured when he was struck by an automobile driven by Thompson, an employee of the defendant. Thompson's employment as a salesman of built-in vacuum cleaning systems required him to provide his own transportation to make presentations to homeowners during the evening. On the day of the incident, Thompson had stopped by his office once, but was not required to be back to the office until late afternoon. On his way home from the Blue Lantern Bar to change into work clothes, Thompson collided with the plaintiff. We determined that the defendant employer was entitled to summary judgment because, at the time of the collision, Thompson was on his own time and engaged in his own pursuits. Id. at 719.

Schofield argues that because Woldemichael's van was necessary for his employment, the maintenance of the van was within the scope of his employment. This argument is without merit. Woldemichael's particular transportation was not specified by Cox, nor was the condition of the front-end alignment on the van. Furthermore, it makes no difference in our analysis whether Woldemichael was having his alignment checked or performing any other personal errand as long as he

was on a personal matter and not serving his employer. For the foregoing reasons, the trial court was correct in granting Cox's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1994.

*Theodore P. Bianco, Wetzel & Carroll, Michael L. Wetzel,* for appellant.

*Drew, Eckl & Farnham, W. Wray Eckl, Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III, Gorby & Reeves, Michael E. Fisher, Fain, Major & Wiley, Thomas E. Brennan, Brian H. Alligood,* for appellee.