A94A2030. GORDY CONSTRUCTION COMPANY v. STEWART.
A94A2031. GORDY CONSTRUCTION COMPANY v. TALLEY.
(456 SE2d 245)

JOHNSON, Judge.

Charles Strack, an employee of Gordy Construction Company, was driving a truck owned by Gordy when he was involved in a motor vehicle collision with Rebecca Stewart and her passenger, Lois Talley. Stewart and Talley sued Strack and also sued Gordy under the theory of respondeat superior. Gordy moved for summary judgment on the ground that at the time of the accident Strack was outside the scope of his employment. The trial court denied the motion, finding the instant case is controlled by the decision in *IBM v. Bozardt,* 156 Ga. App. 794 (275 SE2d 376) (1980). Gordy filed two separate notices of appeal, which are consolidated for purposes of this opinion.

"It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. Once this presumption arises the burden then shifts to the

employer to rebut the presumption by evidence that is clear, positive and uncontradicted and that shows the servant was not in the scope of his employment. . . . [T]he Supreme Court in [*Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979),] held that once the employer or employee presents positive and uncontradicted evidence that the employee's activities at the time and place in question were not within the scope of his employment, the plaintiff must show some other fact — other than the fact which gave rise to the initial presumption — from which a jury could infer that the employee was acting within the scope of the employment. In determining what other fact must be shown in order to submit a given case to the jury, the court stated: If this other fact is direct evidence, that is sufficient for the case to go to a jury. However, when the other fact is circumstantial evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment." (Citations, punctuation and emphasis omitted.) *Bozardt*, supra at 794-795.

In the present case, because Strack was driving Gordy's truck, the presumption arises that he was in the scope of his employment at the time of the accident. We assume, without deciding, that this presumption was rebutted by Strack's deposition testimony that at the time of the collision he was on a personal errand and not performing a task to benefit Gordy. Nevertheless, as in *Bozardt*, there are enough other facts in this case from which a jury could infer Strack was acting within the scope of his employment when he collided with Stewart. In *Bozardt*, "the employee was driving a rental car at the expense of the employer, and, while away from his home at the express directions of his employer, while lodging in public accommodations, and while going to and from meals, he was performing an act in the scope of his employment or necessarily incident thereto." *Collins v. Everidge*, 161 Ga. App. 708, 710 (1) (289 SE2d 804) (1982). The instant case involves these same factors. Strack was in Georgia away from his home in Alabama at the express direction of Gordy, he was driving a truck owned by Gordy at Gordy's expense, the truck was the only vehicle available to Strack in Georgia, he was lodging in a motel and he was returning to the motel from a meal at a restaurant when the accident occurred.

An important factor cited by the *Bozardt* court was the employer's realization that the employee would use the rented vehicle to travel, within reason, to restaurants for meals. Id. at 797. In the current case, although Gordy had a written policy that employees should not use company vehicles for personal use, Strack gave testimony from which one could infer the reality of how Gordy handled its vehicles was very different from this policy. Strack testified he used the truck for various personal errands and no one at Gordy ever told him

not to use it to drive from the motel to meals. When asked if any one at Gordy told him not to use the truck for such errands, Strack said: "If they did, I don't think I would stay with Gordy as long as I did." Gordy gave Strack credit cards to pay for use of the truck and Strack kept a log distinguishing between personal and business mileage on the truck, but Gordy never charged him for personal mileage. Moreover, Gordy knew Strack was living in a motel far away from his permanent residence with only the company truck as transportation. A reasonable inference from all this evidence is that Gordy knew Strack would use the truck for personal errands, including driving to and from some meals.

In cases that distinguish *Bozardt*, the employee is not traveling to or from a meal and staying in a motel while away from home on business, but is unquestionably on a personal errand without the employer's knowledge or consent at the time of the collision (e.g., visiting a relative, going to the drugstore or leaving a bar). See *Johnstown Financial Corp. v. Roper*, 170 Ga. App. 575 (317 SE2d 634) (1984); *Presser v. Rayner*, 166 Ga. App. 633 (305 SE2d 149) (1983); *Collins v. Everidge*, supra. Unlike the employees in those cases, Strack was not unquestionably using the truck for a wholly personal errand without Gordy's permission. The instant case is therefore not materially distinguishable from *Bozardt*. Because there is a genuine issue of fact as to whether Strack was outside the scope of his employment at the time of the collision, the trial court properly denied Gordy's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., Pope, P. J., Blackburn, Smith and Ruffin, JJ., concur. Beasley, C. J., Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

Because I believe the plaintiffs below failed to carry their evidentiary burden in opposing summary judgment to Gordy, *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), and further that *IBM v. Bozardt*, 156 Ga. App. 794 (275 SE2d 376) (1980), should be overruled, I must respectfully dissent.

All parties below, in supporting and opposing Gordy's motion for summary judgment, relied solely on the deposition of Strack, Gordy's employee. That deposition reflects that Strack, who resided with his wife in Eufaula, Alabama, was employed as a foreman of a work crew which installed water, sewage, and drainage pipes on construction projects. Gordy Construction Company was headquartered in Columbus, Georgia, and the project at the time of the accident was located in Cobb County, also the location of the wreck. Strack owned an automobile, but it was in the possession of his wife in Alabama.

On the day of the wreck, Strack had finished work on the project,

returned in his company truck to his motel where he was staying for the project, gone to dinner at a steakhouse, and was returning to the motel around 10:00 p.m. when the wreck occurred. The truck was owned by Gordy and Strack was provided with company credit cards with which to purchase gasoline. Strack maintained a log book in which he noted his personal mileage with a "P."

Here, Strack's testimony with regard to what he was doing at the time of the wreck was unequivocal: "Q. When you left the job site that day, do you know where you went? A. I believe I went right back to the motel. Q. And then when you left the motel, . . . you indicated you were going at some point to a steak house for dinner? A. Um-hum. Q. Did you make any stops between the motel and the steak house? A. No. Q. When you left the steak house, you were going back to the motel? . . . A. Yes, sir. Q. Were you intending to make any stops or do anything on the way from the steak house to the motel, had the wreck not occurred? A. Well, I do remember maybe getting a hair cut, if it was still open, on my way back. But, if it was closed, I wasn't going to bother. Q. Was there anything else? A. That was it. Q. And that, of course, would have been something entirely personal that you wanted to do[?] . . . A. Right. Q. And you were by yourself? A. Yes, sir. Q. The trip from the motel to the steak house to get dinner, that was purely personal to you; would that be correct? A. Yes, sir. Q. So as soon as you left the motel, whatever you did or intended to do for the rest of the evening was purely personal to you . . . ? A. Yes."

This unequivocal testimony by Gordy's employee is enough, alone, to distinguish this case from *IBM*, supra, because there IBM's employee Henner was out of town attending a convention and was on his way to dinner in a rental car paid for by IBM. Henner never, by deposition or otherwise, stated that his mission in going to dinner was purely personal.

Also, *IBM*'s rationale was based solely on cases arising in the area of workers' compensation. " 'To be injured within the course and scope of one's employment in the context of the worker's compensation system is not the same thing as to be in the course or scope of one's employment and cause injury to a third person who is foreign to the employee-employer relationship. . . . Worker's compensation is a creature of statute and one designed especially to protect workers injured in the course of their work. . . . Within the context of the statute, the employer has a *special duty* vis-a-vis the employees who work for him. Under worker's compensation, an employee is covered for injuries which arise "* * * out of and in the course of employment. . . ." This states a problem of proof different from that which is encountered in the negligence area. . . . Within the general negligence sphere, the rules regarding "scope of employment" are some-

what different. This is so for a number of reasons. A liberal statute designed to benefit workers is not involved. There is no special relationship giving rise to a special duty as in worker's compensation. There is no sound reason for finding liability without fault for social or economic reasons.' [Cit.] Since the laws of workers' compensation and negligence are so different, an employee can be said to be within the scope of employment for workers' compensation purposes and not within the scope of employment for negligence purposes." *Jones v. Aldrich Co.*, 188 Ga. App. 581, 584 (2) (373 SE2d 649) (1988).

*Jones*, supra, was the last case to cite and distinguish *IBM v. Bozardt*, supra. It involved an employee traveling back from an out-of-town site who was involved in an accident on her way home. She was awarded workers' compensation benefits and plaintiff third party contended this controlled the question of respondeat superior. It does not. *Jones*, supra. To the extent that it can be said that *Jones* did not implicitly overrule that case, it should be expressly overruled for the reasons set forth in *Jones*.

The present case is more factually similar to and should be controlled by *Braddy v. Collins Plumbing &c. Co.*, 204 Ga. App. 862 (420 SE2d 806) (1992). There, Lamb, a mechanic for Collins, was working on a sewage pumping station. He was paid by the hour and was on his way to the project site from his home in a truck owned by Collins and filled with company supplies when he had the wreck. Collins had given him permission to drive the truck to and from work. Lamb stated unequivocally that he was not doing anything for his employer's benefit and was not on the clock at the time of the wreck. Summary judgment for Collins was held appropriate.

Here, there has been no evidence presented by appellees which would qualify as the "other evidence" needed under *Allen Kane's*, supra, to overcome the positive and uncontradicted testimony of Strack. Therefore, I believe summary judgment was demanded in Gordy's favor. *Braddy*, supra; see also *Schofield v. Cox Enterprises*, 212 Ga. App. 354 (441 SE2d 693) (1994); *Riel v. Paulding County Bd. of Ed.*, 206 Ga. App. 230 (1) (425 SE2d 305) (1992); *Wright v. Transus, Inc.*, 209 Ga. App. 771, 775 (2) (434 SE2d 786) (1993) (Andrews, J., dissenting).

I am authorized to state that Chief Judge Beasley and Presiding Judge Birdsong join in this dissent.

DECIDED MARCH 8, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 —

*Tisinger, Tisinger, Vance & Greer, Robert H. Sullivan, Glenn M. Jarrell,* for appellant.

*Griffin & O'Toole, Martin K. O'Toole, Downey & Cleveland,*

*Y. Kevin Williams, Arrington & Hollowell, W. Ray Persons,* for appellees.