A99A0528. ROYAL INSURANCE COMPANY OF AMERICA et al.
v. FISHER et al.
(519 SE2d 713)

Judge Harold R. Banke.

This case is a continuation of *Barfield v. Royal Ins. Co. of America*, 228 Ga. App. 841 (492 SE2d 688) (1997).

It is a declaratory judgment action by Royal Insurance Company of America and its insured, Single Source Roofing Corporation, to determine their liability for damages arising from an automobile collision involving Single Source's employee Fisher. Fisher and the occupants of other vehicles involved in the collision were named as defendants.

At the time of the collision, Fisher was driving a company-owned pickup truck while he was under the influence of alcohol. As a result, he was charged with and later pleaded guilty to DUI and serious injury by vehicle. Because Fisher violated a company rule against drinking and driving, Royal and Single Source argued (1) he was not a covered driver under the Royal policy, and (2) he was not acting within the scope of his employment when the collision occurred.

The prior appeal was from the trial court's grant of summary judgment to Royal and Single Source on both issues. In Division 1 of our opinion we affirmed the trial court's finding on the first. In Division 2 we reversed its ruling on the second. We held that the trial court erred when it found that Fisher was outside the scope of employment merely because he violated Single Source's rule against driving and drinking. We then had to decide whether, for any other reason, Royal was entitled to summary judgment on the scope-of-employment issue.

In answering this question in the negative, we noted that a presumption arose that Fisher was acting within the scope of his employment since he was driving Single Source's truck at the time of the collision. We recognized that the burden then shifted to the employer to rebut the presumption by clear, positive and uncontra-

dicted evidence showing that the servant was not in the scope of his employment. From Fisher's testimony, it was unclear whether at the time of the collision he had aborted an errand required by his employer or was continuing in its pursuit. We thus concluded that a jury could determine that Fisher was engaged in the errand and was acting within the scope of his employment.

At the trial held on remand, the jury found that Fisher was acting within the scope of his employment when the collision occurred. *Held*:

1. Royal and Single Source contend that the court erred in charging the jury that the presumption Fisher was in the scope of his employment could be rebutted only by evidence which was clear, positive and uncontradicted to the contrary. They argue that this is a summary judgment burden which does not apply at the trial of the case.

When an employee is involved in a collision, Georgia law raises a presumption that he is acting within the scope of his employment. *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882-883 (456 SE2d 245) (1995). Once this presumption arises, the burden then shifts to the employer to rebut it by evidence that is " 'clear, positive and uncontradicted and that shows that the servant was not in the scope of his employment.' " Id. If the employer shoulders this burden, then the opposite party must show some other fact, in addition to the fact which gave rise to the presumption, that the employee was acting within the scope of his employment. See id. If this other fact is direct evidence, that is sufficient for the case to go to a jury; if it is circumstantial evidence, it must be evidence sufficient to support a verdict in order to withstand the employer's motion for summary judgment. See id.

*Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979), holds that in order to overcome the subject presumption, the employer "must" submit clear, positive and uncontradicted evidence. *Massey v. Henderson*, 138 Ga. App. 565 (1) (226 SE2d 750) (1976), cited in *Allen Kane's*, holds that even though the master and servant positively testify that what the servant was doing was without the scope of his employment, the presumption is not overcome as a matter of law " '[w]here there are circumstances developed by the evidence other than those which gave rise to the presumption from which the jury might legitimately infer that the servant was acting within the scope of his employment. . . .' [Cit.]" (Emphasis omitted.) 138 Ga. App. at 566. It would seem to follow that where the employer does not present uncontradicted testimony that the employee was acting outside the scope of his employment, the employer has not overcome the presumption in the way the law mandates and the opposite party becomes entitled to summary judgment or a directed

verdict (issues not raised in *Barfield*).

However, the court in *Allen Kane's* does state in footnote 3 of its opinion that where the employer fails to rebut the presumption that the driver was acting within the scope of his employment, a jury trial is necessary. Id. at 783. *Dawson Motor Co. v. Petty*, 53 Ga. App. 746 (186 SE 877) (1936), is cited.

In *Dawson*, the action was against the employer, and the plaintiff's own testimony was conflicting on whether the employee was acting within the scope of his employment. The court did hold that the question was one for the jury, but no burden of submitting "clear, positive, and uncontradicted" evidence was placed on the employer. Id. at 748-750 (2). This burden was created in *Abelman v. Ormand*, 53 Ga. App. 753, 761 (6) (187 SE 393) (1936), decided approximately three months after *Dawson*. Nonetheless, *Abelman* and cases following it are authority for the proposition that by submitting clear, positive and uncontradicted evidence, the employer overcomes the presumption as a matter of law, thereby becoming entitled to summary judgment (or a directed verdict); but if the evidence submitted by the employer would merely authorize though not demand a finding that the employee was not acting within the scope of his employment, it is a jury question as to whether the presumption has been overcome. See *Thomason v. Harper*, 162 Ga. App. 441, 451 (5) (289 SE2d 773) (1982); *Veal v. Paulk*, 121 Ga. App. 575, 578 (6) (174 SE2d 465) (1970).

Therefore, the trial court's charge to the jury in this case was legally erroneous. It in effect directed the jury to enter a verdict in defendants' favor because Royal failed to submit clear, positive and uncontradicted evidence that Fisher was not acting within the scope of his employment at the time of his collision. This precluded the jury from returning a verdict in favor of Royal and Single Source even though they introduced evidence authorizing a finding that Fisher was not acting within the scope of his employment at the time. A new trial is therefore required.

2. We need not address the remaining enumerations because they either were not preserved by objection at trial or involve matters not likely to recur on retrial.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 1999.

*Brennan & Wasden, Marvin W. McGahee*, for appellants.
*Hunter, Maclean, Exley & Dunn, Lee C. Mundell*, for appellees.