A94A1882. WATKINS et al. v. JACKSON et al.
(451 SE2d 111)

RUFFIN, Judge.

This action was filed by appellants Lisa Watkins and Tracy Jones after they were injured in an automobile collision with a 1989 red Chevrolet pickup truck owned by defendant Ricky Heath and driven by defendant Kenneth Jackson. The complaint alleged that Jackson was driving the pickup with the permission of either Heath or a member of his family, or within the scope of Jackson's employment with Heath individually or d/b/a Ricky Heath Plumbing. Watkins and Jones sought damages for Jackson's negligent driving under the doctrines of negligent entrustment and respondeat superior.

Heath filed a motion for summary judgment supported by his and Jackson's affidavits swearing that while Jackson had been doing some yard work for him earlier in the day, at the time of the collision, which occurred at approximately 11:30 p.m. on August 22, 1992, Jackson had taken the vehicle without the permission of Heath or any member of his family and was driving it for purely personal reasons. Both affiants also stated that at no time on or before August 22, 1992, had Heath or any member of his family ever given Jackson permission to drive the pickup truck or any of Heath's personal or business vehicles.

In opposition to the motion, Watkins and Jones filed the affidavit of George Robertson, Jackson's cousin, stating that he had also been involved in a collision with Jackson on August 22, 1992, while Jackson was driving a red Chevrolet Cheyenne pickup and that he had seen Jackson driving the truck "numerous times" prior to the collision.

Watkins and Jones appeal from the trial court's grant of summary judgment to Heath.

Watkins and Jones contend that Robertson's affidavit, showing Jackson had driven the vehicle on previous occasions, directly contradicts the sworn statements of Heath and Jackson that Jackson had never driven the vehicle involved in the collision, thereby bringing the truthfulness of the affidavits into question and presenting a question for jury resolution. We do not agree. Neither Heath nor Jackson averred that Jackson had never driven the pickup before. They stated that Jackson had never been given permission to drive the pickup.

" 'It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. [Cit.] Once this presumption arises the burden then shifts to the employer "to rebut the presumption by evidence that is 'clear, positive and uncontradicted' and that shows the servant was not in the scope of his employment." [Cit.]' [Cit.] . . . 'When the uncontradicted testimony of the defendant . . . shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment.' " *Collins v. Everidge*, 161 Ga. App. 708, 709 (1) (289 SE2d 804) (1982).

Heath presented uncontradicted evidence that Jackson was in no manner performing any service that could be considered in the prosecution of Heath's business at the time of the collision. Even affording Watkins and Jones the benefits granted to respondents to motions for summary judgment, the "other evidence" represented by Robertson's affidavit, that Jackson had driven the pickup numerous times, does not rebut Heath's prima facie showing. *Sarantis v. Kroger Co.*, 201 Ga. App. 552, 553 (411 SE2d 758) (1991). Thus, the trial court did not err in granting summary judgment to Heath.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 29, 1994.

*Mullis, Marshall, Lindley & Powell, J. A. Powell, Jr.*, for appellants.

*Jones, Cork & Miller, Timothy Harden III, Rufus D. Sams III*, for appellees.