A00A2106. BEDFORD et al. v. AWOD et al.
(545 SE2d 162)

MILLER, Judge.

Plaintiff-appellant Michael T. Bedford brought this tort action against Najeh Awod, Rashied International, Inc. (RII), and Khalid Rashied, seeking to recover for personal injuries sustained in an automobile collision allegedly caused by the negligent driving of Awod.[1] The trial court granted summary judgment to RII and Rashied, concluding they were not vicariously liable for any negligence of Awod. On appeal, Bedford contends there is circumstantial evidence sufficient to create a jury issue as to whether or not Awod was acting within the course and scope of his employment. We affirm.

The following facts are undisputed: Rashied is the president and sole shareholder of RII, which imports textiles. He stores his products in a warehouse in Duluth, although he also uses his garage for small items where the customer wants less than a case quantity. Deliveries from the warehouse to linen wholesalers are made by commercial carriers unless the customer is in the Atlanta area. Rashied personally owns a full-size van used exclusively to make local deliv-

---

[1] Plaintiff-appellant Wendy Bedford brought a derivative claim for loss of consortium.

eries. Rashied also owned a 1994 Honda Civic which was used for both personal and business travel. This car was never used to make deliveries because it was too small for the cases of linens.

The collision occurred at 2:36 p.m. on June 17, 1997. Awod was then the bookkeeper for RII. Awod was driving Rashied's Honda Civic, with Rashied's knowledge, consent, and permission, but only for Awod's personal errands and not for RII's business. Awod's own car was unreliable, and Awod, a white collar employee, did not make deliveries for RII and never drove the van. Rashied expressly denied that Awod used Rashied's personal car for RII business at any time. Only once or twice in 18 years has Rashied had an employee run company errands rather than performing them himself. The banking is done by the employee driving the van, and not once did Rashied send Awod to the bank.

In rebuttal, Bedford showed that, while Rashied originally claimed that Awod was on his lunch break at 2:30 when the accident occurred, Awod's time sheet reflects that he was paid for the entire day, working from 8:40 a.m. to 4:45 p.m., even though Awod should have signed himself out if he were on break or running a personal errand. Rashied explained that he paid Awod for the entire day simply to avoid the hassle of figuring out any actual break time.

1. Contrary to Bedford's assertions, this is not a proper case for application of the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*[2] Although Rashied could not testify as to what Awod's actual errand was at the time of the accident, he testified unequivocally from his personal knowledge that Awod was *not* acting within the scope of his employment.

2. In Georgia,

[w]here a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise. This must be done by clear, positive and uncontradicted evidence.[3]

In our view, the deposition testimony of Rashied is clear and pos-

---

[2] 256 Ga. 27, 28 (1) (343 SE2d 680) (1986) ("The rule in Georgia is that the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal.") (citations and punctuation omitted).

[3] (Citations and punctuation omitted.) *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979).

itive that Awod was not acting in the scope of his employment at the time of the collision. This is sufficient to overcome the presumption and place the onus on plaintiff Bedford to come forward with some other fact which indicates employee Awod was acting in the scope of his employment.

3. The question then becomes whether Rashied's testimony is contradicted by other evidence. Bedford relies on Awod's time sheet for that day indicating he was paid for the entire day without a lunch break, arguing that he must have been on company business when the accident occurred.

> If this "other fact" [indicating the employee was acting within the scope of his employment] is *direct* evidence, that is sufficient for the case to go to a jury. [But] when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.[4]

The time sheet is not direct evidence that Awod was acting within the scope of his business at 2:36 p.m. but does allude to that conclusion.[5]

> Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.[6]

Rashied explained that the June 17, 1997 time sheet is not conclusive of the nature of Awod's activities because he repeatedly failed to submit accurate records, and it was not worth the hassle to perfect them. Thus, the circumstantial evidence is perfectly consistent with the uncontradicted testimony that Awod was not acting within the scope of his employment because the local deliveries and banking were performed by other employees while driving the van, while Rashied himself purchased all the office supplies. In our view, the time sheet admits of only an inconclusive inference which is insufficient to withstand defendants' motions for summary judgment on the

---

[4] (Emphasis in original.) Id. at 780.

[5] " 'Direct evidence' means evidence which immediately points to the question at issue." OCGA § 24-1-1 (3).

[6] (Citation and punctuation omitted.) *Allen Kane's Major Dodge v. Barnes*, supra, 243 Ga. at 781.

question whether Awod was within the scope of his employment. The trial court correctly granted summary judgment on this ground.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 12, 2001.

*Timothy N. Toler*, for appellants.
*Jay F. Eidex, Donald W. Osborne*, for appellees.