A03A1283. TORRES et al. v. TANDY CORPORATION et al.
(592 SE2d 111)

BLACKBURN, Presiding Judge.

Following a jury trial in this personal injury action arising out of a vehicle-pedestrian collision, Valentina Alvarado Torres, by and through her guardians, Filemon Torres and Synovous Trust Company ("Torres"), appeals the defense verdict in favor of Tandy Corporation d/b/a Radio Shack ("Radio Shack") and the Georgia Department of Transportation ("DOT"), contending that the trial court erred by: (1) denying her motion for new trial because Leah Raffield, a Radio Shack employee, was negligent per se by striking Torres with her vehicle;[1] (2) improperly instructing the jury on the doctrine of

---

[1] Prior to the trial, Torres dismissed her claims against Raffield with prejudice.

sudden emergency; and (3) submitting a special verdict form that was ambiguous, confusing, and misleading. For the reasons set forth below, we affirm.

The record shows that, on December 29, 1997, Raffield was driving to work at Radio Shack in Athens. Instead of taking her usual route, however, Raffield made a detour to pick up breakfast for herself and Steve Kennedy, her boss and friend. As Raffield proceeded west in the far right lane of Atlanta Highway, a six-lane road with a center turning lane, she noticed that several vehicles were stopped at an upcoming intersection in the two lanes to her left, even though the traffic signal was green. Unbeknownst to Raffield, these vehicles were stopped to allow Torres, a pedestrian who was halfway across the road when the light changed, to get to the other side.

Raffield first saw Torres when Torres stepped from in front of one of the stopped vehicles into the path of Raffield's truck. Raffield immediately applied her brakes but was unable to stop, and hit Torres while she was in the crosswalk. Torres later sued Radio Shack, claiming that Raffield was negligent and that Radio Shack was liable for her torts under the doctrine of respondeat superior. Torres also sued the DOT, claiming the traffic signal was substandard.

1. Torres enumerates as error the denial of her motion for new trial with regard to Radio Shack, only, contending that the verdict was contrary to the evidence because Raffield was negligent per se. We disagree, finding that it was undisputed that Raffield was not acting within the scope of her employment at the time of the incident and that the jury could have found that Torres' actions were the proximate cause of her injuries; thus, a defense verdict was authorized.

We determine only whether there was any evidence to support the verdict.

> It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence.

(Punctuation omitted.) *High v. Parker.*[2]

"In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and

---

[2] *High v. Parker*, 234 Ga. App. 675, 676 (1) (507 SE2d 530) (1998).

(4) a causal connection between the breach and the injury." *Vaughan v. Glymph*.[3] In this case, the evidence shows that Raffield proceeded into the intersection even though she noticed that several vehicles in the two lanes to her left were stopped at the intersection.

Under OCGA § 40-6-91 (d): "Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle." Having violated this subsection of the statute, Raffield was negligent per se as Torres argues. However, there was also evidence that Torres left a place of temporary safety without looking and with the traffic signal against her, and this evidence could be viewed by the jury as showing that Torres' lack of due care for her own safety was the proximate cause of her injuries. *Sampson v. Jones*.[4]

Thus, even though Raffield was negligent per se by violating OCGA § 40-6-91 (d), such a finding does not necessarily make Radio Shack liable for Torres' injuries. "Negligence per se is not liability per se. Negligence per se is actionable negligence only where it is the proximate cause of the plaintiff's injuries. Proximate cause is for the jury to decide." (Citation omitted.) *Humphreys v. Kipfmiller*.[5] The jury has resolved this issue contrary to Torres' interest.

It was undisputed that Raffield was not acting within the scope of her employment so as to impute any liability upon Radio Shack. Under the doctrine of respondeat superior, an employer is responsible for its employee's torts only when committed while acting within the scope of employment and while engaged in the employer's business. *Brown v. Who's Three*.[6] See OCGA § 51-2-2. As a general rule, an employee is deemed to act only for his own purposes while commuting to work unless the employee "undertakes a special mission at the direction of the employer." *Patterson v. Southeastern Newspapers*.[7] Also relevant is whether the employer retained the power to discharge his employee for failure to perform the errand. *Redd v. Brisbon*.[8]

Here, there was ample evidence that Raffield, while commuting to work, attempted to buy breakfast for Kennedy. This act was not a job requirement, and Raffield's job would not have been imperiled had she not done so. Both Raffield and Kennedy so testified. The jury

[3] *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999).
[4] *Sampson v. Jones*, 236 Ga. App. 57, 58 (510 SE2d 902) (1999).
[5] *Humphreys v. Kipfmiller*, 237 Ga. App. 572, 575 (2) (515 SE2d 878) (1999).
[6] *Brown v. Who's Three*, 217 Ga. App. 131, 132 (457 SE2d 186) (1995).
[7] *Patterson v. Southeastern Newspapers*, 243 Ga. App. 241, 242 (1) (533 SE2d 119) (2000).
[8] *Redd v. Brisbon*, 113 Ga. App. 23, 24 (147 SE2d 15) (1966).

was authorized to find that Radio Shack was not liable for Torres' injuries, even if it had determined that Raffield was personally liable.

2. Torres next contends that the trial court erred by instructing the jury regarding the sudden emergency doctrine, arguing it cannot apply in cases where the defendant's action was a contributing cause to the emergency.

It is clear that the emergency situation here resulted from the combined conduct of Torres in crossing the street in an unlawful manner, and of Raffield in passing the stopped traffic. A charge on sudden emergency is available only when "the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate *and* which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." (Punctuation omitted; emphasis in original and supplied.) *Johnson v. Ray*.[9]

Raffield was negligent per se in that she violated OCGA § 40-6-91 (d) by driving through the intersection even though she was aware that several cars in the two lanes to her left had stopped. In doing so, Raffield participated in the circumstances which created any sudden emergency here. "Accordingly, it was error for the trial court to give the sudden emergency charge. The instruction gave the defendant a defense to which [she] was not entitled, and the error was therefore not harmless." *Thomas v. Stairs*.[10] It is clear that such charge would be harmful error as to Raffield, the tortfeasor. As any liability of Radio Shack would be based on the doctrine of respondeat superior, the sudden emergency charge would ordinarily be harmful error as to Radio Shack. However, given the undisputed evidence in this case, that Raffield was not acting within the scope of her employment and Radio Shack could not, therefore, be liable under the doctrine of respondeat superior, any error in giving this charge is, thus, harmless as to Radio Shack.

3. In her third enumeration of error, Torres contends that the special verdict form presented to the jury was "ambiguous, confusing, and misleading, leading the jury to an improper result based upon an erroneous legal theory." Torres' argument is based on the allegedly misleading nature of the first threshold question, which asked whether either Radio Shack or DOT were "negligent." If the jury answered "no" to the first question, it was not required to answer the remaining questions, which dealt with issues of proximate cause,

[9] *Johnson v. Ray*, 206 Ga. App. 262 (1) (424 SE2d 892) (1992).
[10] *Thomas v. Stairs*, 215 Ga. App. 288, 290 (1) (450 SE2d 326) (1994).

whether Raffield was acting in the course and scope of her employment, comparative negligence, damages, and apportionment of liability. The jury answered "no" to the first question, left the remaining questions blank, and returned a defense verdict. Torres argues that, because of that question, a jury could only find Radio Shack liable if it found that Radio Shack committed an independent act of negligence unrelated to Raffield's negligence, and that it could only find DOT liable if it found DOT negligent in some unspecified manner beyond its failure to properly design the traffic signal system.

Pretermitting whether the question was misleading, Torres has waived this enumeration by failing to properly and timely object. "To be reviewable on appeal, an objection must clearly direct the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the specific ground upon which the charge is challenged." *Thrash v. Rahn.*[11] In addition, a party must voice its objection to a verdict form "at the time of its rendition or otherwise such technicality is waived. This is so because a verdict may be reformed or remodeled in the presence of the jury before they have retired from the box." (Citation and punctuation omitted.) *Harrison v. Martin.*[12]

Although Torres objected to the verdict form's length and to questions dealing with apportionment of damages, she never objected to the question at issue; indeed, Torres specifically requested that the court retain the question. And, while Torres voiced these objections during the charge conference, she failed to object to the form when the jury returned its verdict. Because Torres has waived her objection to this error, we need not reach the merits of her contentions. *Knisely v. Gasser.*[13]

Therefore, for all of the reasons set forth above, we affirm the jury's verdict.

*Judgment affirmed. Miller and Ellington, JJ., concur. Phipps, J., disqualified.*

DECIDED NOVEMBER 24, 2003 —
RECONSIDERATION DENIED DECEMBER 15, 2003 — 

*Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch, Matthew A. Moseley, Katherine A. Carter, John F. Nebl,* for appellants.

*Drew, Eckl & Farnham, Bruce A. Taylor, Jr., Jennifer E. Parrott,*

---

[11] *Thrash v. Rahn,* 249 Ga. App. 351, 353 (4) (547 SE2d 694) (2001).
[12] *Harrison v. Martin,* 213 Ga. App. 337, 344-345 (2) (444 SE2d 618) (1994).
[13] *Knisely v. Gasser,* 198 Ga. App. 795, 797 (403 SE2d 85) (1991).

*Thurbert E. Baker, Attorney General, Robert C. Edwards, Assistant Attorney General,* for appellees.