A04A1380. BETSILL et al. v. SCALE SYSTEMS, INC.
(604 SE2d 265)

RUFFIN, Presiding Judge.

Jason Betsill (Betsill) was involved in a collision while driving a truck owned by his employer, Scale Systems, Inc. Betsill's two children, who were riding in the truck, were injured. Angela Betsill, the children's mother, sued Scale Systems individually and on behalf of her children, alleging that the company was liable under the doctrine

of respondeat superior.[1] Scale Systems moved for summary judgment, arguing that because Betsill was not acting in the scope of his employment when the collision took place, it could not be liable. The trial court granted Scale Systems' motion, and this appeal ensued. For reasons that follow, we affirm.

On appeal from a trial court's grant of summary judgment, we review the record de novo,

> and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.[2]

Viewed in this manner, the record shows that Betsill is a parts and distribution manager for Scale Systems. Betsill's normal work hours are Monday through Friday from 7:00 a.m. to 4:00 p.m. However, at the time of the collision, Betsill was on call 24 hours a day. His job duties involved, among other things, "control[ling] all parts that come in the building for customers or for jobs," handling equipment rental, and purchasing items for the warehouse. Occasionally, Betsill was required to deliver items either to customers or field technicians. Scale Systems provided Betsill a company truck for this purpose. In addition, Betsill was allowed to use the truck for personal reasons, including driving family members.

Betsill's father-in-law also worked for Scale Systems as a technician. Approximately once a week, Betsill would stop by his father-in-law's house to drop off or pick up Scale Systems' equipment. According to Betsill, he would be asked to drop something off for his father-in-law "to save [the father-in-law] from having to come to the shop." Although Betsill was paid hourly, he was not paid for the time he spent either taking or dropping off items at his father-in-law's house.

---

[1] Although the family immunity doctrine precludes Mrs. Betsill and the children from suing Betsill directly, it does not bar such complaint against his employer under a respondeat superior theory of recovery. See *Stapleton v. Stapleton*, 85 Ga. App. 728, 731-732 (70 SE2d 156) (1952).

[2] *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135 (596 SE2d 679) (2004).

Scale Systems experienced problems with items being taken from the "parts room." Betsill and his co-workers, including Randy Brown, the Corporate Service Manager, discussed ways to discover what was happening to the missing items. Brown suggested putting a piece of tape on the top of the door at the end of the day on Friday then checking to see if the tape was disturbed over the weekend. According to Betsill, he "discussed with them coming down on Saturday and . . . looking to see if the tape had been messed with."

On Saturday, February 2, 2002, Betsill was driving his company truck, and his two children were passengers. Betsill testified that he was first going by his father-in-law's house to pick up a Scale Systems laptop computer to take to the office. After Betsill dropped off the computer, he was going to check the tape on the "parts room" door.

As Betsill drove down Highway 136 toward his father-in-law's house, he rounded a curve and saw a car stopped in the road before him at the intersection with Cothran Road. Betsill attempted to pass the car on the right, but the car turned right onto Cothran Road and clipped Betsill's truck, which careened into a tree. Betsill and his two children were injured in the collision. Mrs. Betsill then filed suit against Scale Systems.

1. Mrs. Betsill's claim against Scale Systems is based on the doctrine of respondeat superior. Under this theory, "an employer is responsible for its employee's torts only when committed while acting within the scope of employment and while engaged in the employer's business."[3] Moreover, "an employee is deemed to act only for his own purposes while commuting to work unless the employee 'undertakes a special mission *at the direction of the employer.*' "[4]

On appeal, Mrs. Betsill asserts that the trial court erred in concluding, as a matter of law, that her husband was not acting within the scope of his employment when the collision occurred. Specifically, she argues that there is evidence that Betsill was on a special mission at the time the collision took place. We disagree.

In *Jones v. Aldrich Co.*,[5] this Court recognized that, under the "special mission" exception,

> [w]here the employee, before or after customary working hours, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his

---

[3] *Torres v. Tandy Corp.*, 264 Ga. App. 686, 688 (1) (592 SE2d 111) (2003).

[4] (Emphasis supplied.) Id.

[5] 188 Ga. App. 581 (373 SE2d 649) (1988).

employer, and an injury arises en route from the home to the place where the work is performed, or from the place of performance of the work to the home, such injury is considered as arising out of and in the course of the employment.[6]

Mrs. Betsill argues that, under the broad language of this case, any errand that benefits the employer constitutes a "special mission." However, this rule has been further refined to "require[ ] that the errand or mission itself be a special or uncustomary one, *made at the employer's request or direction*."[7] Applying this rule, this Court noted in *Wright v. Pine Hills Country Club*, that Michele Yawn, a reporter, decided to cover a story assigned to another reporter. Because the employer had not assigned the task to Yawn, we found that she was not on a special mission.[8] Specifically, we held that an employee cannot unilaterally determine to undertake a special mission, but that such directive must come from the employer.[9]

Here, as in *Wright*, the evidence demonstrates that Betsill, on his own volition, decided to undertake certain work-related errands, including picking up the computer at his father-in-law's house and going to the office to check the tape on the door. According to Betsill, he received an e-mail directing him to have computers available at the office for a training session that was to be held between February 11 and February 15. However, the e-mail was not addressed to Betsill, and it did not direct him to pick up the computer, much less deliver it to the office on February 2, 2002, more than a week before the computers were needed. Moreover, during Betsill's deposition, he testified: "I had decided to swing by my father-in-law's house" to pick up the computer. When asked why the father-in-law did not return the computer himself, Betsill responded that his father-in-law "didn't have a key to the cabinet that [Betsill] lock[ed] the computers in, so [his father-in-law] didn't want to leave the computer there." This evidence shows that the decision to pick up the computer was Betsill's, rather than a directive from Scale Systems. Accordingly, it cannot be considered a "special mission."[10]

Similarly, Betsill unilaterally decided to go to the office to check on the security situation. Although Betsill testified that he "discussed with [Brown] coming down on Saturday and . . . looking to see if the tape had been messed with," Betsill never said that Brown approved

---

[6] (Punctuation omitted.) Id. at 583 (1).

[7] (Emphasis supplied.) *Wright v. Pine Hills Country Club*, 261 Ga. App. 748, 751 (583 SE2d 569) (2003).

[8] Id. at 751-752.

[9] Id. at 752.

[10] See id.

of the plan or required him to undertake such task. And Brown stated in his affidavit that he "at no time asked Jason Betsill to come to the office on Saturday, February 2, 2002[,] or any other weekend day to check on whether or not someone had been in the parts department after hours." Based upon these facts, the trial court correctly concluded that Betsill was not acting within the scope of his employment when the collision took place.[11] And the fact that Betsill was "on call" does not alter this result.[12]

2. Mrs. Betsill also argues that the trial court erred in failing to apply the legal presumption that an employee, driving in a vehicle owned by his employer, is acting in the scope of his employment. Under Georgia law, "[w]here a vehicle owned by a person and driven by his employee is involved in a collision, a presumption arises that the employee was in the scope of his employment at the time and the employer has the burden to show otherwise."[13] However, this presumption may be overcome on motion for summary judgment by uncontradicted evidence showing that the employee was *not* acting in the scope of his employment.[14] For the reasons discussed in Division 1, the evidence shows that Betsill was not acting in the scope of employment when the collision took place. It follows that the trial court did not err in granting summary judgment.[15]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED SEPTEMBER 1, 2004.

*John A. Vincenzi,* for appellants.
*Shur, McDuffie, Williams & Morgan, Michael L. Morgan, Joseph D. Perrotta,* for appellee.

---

[11] See id.

[12] See *Upshaw,* supra at 137 (1) ("The mere fact that [an employee] was on call does not constitute evidence that he was in the service of his employer when [the] collision occurred.") (punctuation omitted).

[13] (Punctuation omitted.) Id. at 136 (1).

[14] See id.

[15] See id. at 137; *Watkins v. Jackson,* 215 Ga. App. 380, 381 (451 SE2d 111) (1994); *Braddy v. Collins Plumbing & Constr.,* 204 Ga. App. 862, 863-865 (420 SE2d 806) (1992).