A06A0538. GASSAWAY et al. v. PRECON CORPORATION.
(634 SE2d 153)

JOHNSON, Presiding Judge.

This lawsuit involves an automobile collision caused by Charles Duncan Smith, an employee of Precon Corporation. Rita Gassaway and her daughter, Kayce Long, were injured as a result of the

---

collision. The issue is whether Smith was acting within the scope and course of his employment when he caused the collision, and whether Precon is responsible under respondeat superior for the personal injuries suffered by Gassaway and Long. The trial court granted Precon's motion for summary judgment, specifically finding that Smith was not acting in the course and scope of his employment at the time of the accident. We agree.

The record shows that Smith's permanent residence at the time of the collision was in South Carolina. He was temporarily in Georgia for his job as an engineer trainee with Precon. Smith earned $791 weekly as a salaried Precon employee. He did not receive overtime pay or punch a time clock. He did, however, receive a per diem of $270 per week to pay for meals and lodging. Pursuant to Precon's practices, an employee would be reimbursed for mileage if he used his personal vehicle on a company errand. Smith did not receive mileage for driving his own vehicle unless he was traveling on company business.

The collision at issue occurred on Smith's first day at the job site. He had stayed in a hotel the night before. He wanted to find more suitable temporary housing, and asked the temporary project superintendent, Mort Vineyard, for an extended lunch period so he could find a place to stay. Vineyard approved Smith's request. Smith drove his own vehicle and did not run any errands for Precon. He had lunch, leased a mobile home at Reece's Trailer Park, and arranged for utility service. During his errands, Smith could not be reached by phone. He did not submit any mileage reimbursement requests for that day. The collision occurred as Smith attempted to turn into the job site after running his personal errands. Smith received a traffic citation for failing to yield the right of way, and he paid the fine for this traffic offense.

On appeal from a trial court's grant of summary judgment, we review the record de novo, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party.[1] The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of sufficient evidence as to any element of the plaintiff's cause of action. If the defendant does so, the plaintiff may not rest on her pleadings, but must point to specific evidence that gives rise to a triable issue of fact.[2]

Under the doctrine of respondeat superior, an employer is responsible for its employee's torts only when the torts are committed within the scope of employment and while the employee is engaged in

---

[1] *Betsill v. Scale Systems*, 269 Ga. App. 393, 394 (1) (604 SE2d 265) (2004).
[2] Id.

the employer's business.[3] The test for determining whether an employer is liable for its employee's actions is whether the tort was done "within the scope of the actual transaction of the master's business for accomplishing the ends of his employment."[4]

Georgia courts have consistently held that where an employee takes a break for lunch and is not otherwise engaged in his employer's business, the employee is on a purely personal mission.[5] In addition, as a general rule, an employee is deemed to act only for his own purposes while commuting to work unless the employee undertakes "a special mission at the direction of the employer."[6] The special mission must be made at the employer's request or direction.[7] Also relevant is whether the employer retained the power to discharge his employee for failure to perform the errand.[8]

Gassaway asserts that the trial court erred in concluding, as a matter of law, that Smith was not acting within the scope of his employment when the collision occurred. Specifically, she argues that there is evidence that Smith was on a special mission at the time the collision took place. We disagree.

In *Jones v. Aldrich Co.*,[9] this Court recognized that under the "special mission" exception,

> [w]here the employee, before or after customary working hours, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer, and an injury arises en route from the home to the place where the work is performed, or from the place of performance of the work to the home, such injury is considered as arising out of and in the course of the employment.[10]

Gassaway argues that, under the broad language of *Jones v. Aldrich Co.*, any errand that benefits the employer constitutes a "special

---

[3] See *Torres v. Tandy Corp.*, 264 Ga. App. 686, 688 (1) (592 SE2d 111) (2003).

[4] (Citation and punctuation omitted.) *Rogers v. Fred R. Hiller Co. of Ga.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994).

[5] See *Nelson v. Silver Dollar City*, 249 Ga. App. 139, 145 (4) (547 SE2d 630) (2001) (employee not acting within the scope of employment when she went to pick up lunch for herself and a supervisor); *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739-740 (356 SE2d 693) (1987).

[6] *Patterson v. Southeastern Newspapers*, 243 Ga. App. 241, 242 (1) (533 SE2d 119) (2000).

[7] *Betsill*, supra at 395-396 (1).

[8] *Torres*, supra.

[9] 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988).

[10] (Citations and punctuation omitted.) Id.

mission." However, Georgia courts have required that the errand or mission itself must specifically be made at the employer's request or direction.[11]

Here, as in *Betsill* and *Wright*, the evidence demonstrates that Smith, on his own volition, decided to undertake certain personal errands. Smith and Vineyard both testified that the errands were entirely personal, that the errands were not undertaken for the benefit of Precon,[12] and that Smith requested time for the errands. Precon did not request or direct Smith to take time from work to obtain housing and arrange for utility services.

While the errands might seem to be work-related in that they involved obtaining temporary housing necessitated by Smith's job duties away from home, Smith was not obligated by Precon to perform the errands. Leasing a home and arranging for utilities were not job requirements, and Smith's job would not have been imperiled had he not done so. Precon gave Smith a per diem amount for lodging, but did not instruct Smith regarding how to use the per diem amount. And, the errands undertaken by Smith could have been accomplished at any time. Accordingly, the errands cannot be considered a "special mission." We are not persuaded by the argument that Smith was acting for his employer's benefit in arranging for temporary housing. The primary beneficiary of such a task is the employee himself.[13]

Gassaway's reliance on the traveling salesman exception applied in workers' compensation cases is likewise misplaced. The laws of workers' compensation and negligence are different, and this Court has repeatedly stated that an employee can be said to be within the scope of employment for workers' compensation purposes, and not within the scope of employment for negligence purposes:

> To be injured within the course or scope of one's employment in the context of the worker's compensation system is not the same thing as to be in the course or scope of one's employment and cause injury to a third person who is foreign to the employee-employer relationship. Worker's compensation is a creature of statute and one designed especially to protect workers injured in the course of their work. The statute is liberally construed to provide coverage to the worker. Within

---

[11] See *Betsill*, supra at 396 (1); *Wright v. Pine Hills Country Club*, 261 Ga. App. 748, 751 (583 SE2d 569) (2003).

[12] While Vineyard occasionally stayed with Smith when he came to the job site every week or two, this was a favor to Vineyard personally and not a benefit to Precon.

[13] See generally *Nelson*, supra (employer not liable for an employee's actions in performing a routine task such as getting food simply because the employer may receive an incidental benefit from the employee's taking nourishment).

the context of the statute, the employer has a special duty vis-a-vis the employees who work for him. Under worker's compensation, an employee is covered for injuries which arise "out of and in the course of employment." This states a problem of proof different from that which is encountered in the negligence area. Within the general negligence sphere, the rules regarding "scope of employment" are somewhat different. This is so for a number of reasons. A liberal statute designed to benefit workers is not involved. There is no special relationship giving rise to a special duty as in worker's compensation. There is no sound reason for finding liability without fault for social or economic reasons.[14]

The few negligence cases which seemingly apply the traveling salesman exception also involve a presumption that the employee was acting within the scope of his employment based on the employer's ownership of the vehicle driven by the employee.[15] Under Georgia law, when an employee is involved in a collision while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment.[16] Here, it is undisputed that Smith was driving his own vehicle at the time of the collision. There is no presumption to create a question of material fact. Smith was not acting within the scope of his employment at the time of the collision as a matter of fact, and the trial court correctly granted the employer's motion for summary judgment in this respondeat superior case.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 10, 2006 — 

*Bell & Bell, David B. Bell, Sharon B. Enoch, Albert H. Dallas*, for appellants.

*Gray, Rust, St. Amand, Moffett & Brieske, Michael J. Rust, Korey M. Carter*, for appellee.

---

[14] (Citation, punctuation and emphasis omitted.) *Jones*, supra at 584 (2).

[15] See *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882, 882-883 (456 SE2d 245) (1995) (question of fact where employee was lodging in motel at the direction of his employer and collision occurred while employee was returning to motel after a meal at a restaurant); *IBM v. Bozardt*, 156 Ga. App. 794, 794-797 (275 SE2d 376) (1980) (question of fact where collision occurred as employee was traveling from hotel to restaurant while attending convention at employer's request).

[16] *Gordy Constr. Co.*, supra; *Bozardt*, supra.