A06A2139. BANKS et al. v. AJC INTERNATIONAL, INC.

(643 SE2d 780)

RUFFIN, Judge.

James Alton Banks, Jr., was killed when the motorcycle he was driving was struck by a vehicle driven by Hong Qi Liu. Banks's estate and his survivors sued Liu's employer, AJC International, Inc. ("AJC"), for wrongful death because Liu was in Atlanta for a business meeting and driving a rental car paid for by AJC at the time of the collision. The trial court held that Liu was not acting in the scope of his employment at the time of the collision and granted summary judgment to AJC. Finding no error, we affirm.

A defendant is entitled to summary judgment when there is no evidence to support at least one essential element of the plaintiff's case.[1] We conduct a de novo review of a trial court's grant of summary judgment, "and we view the evidence and all reasonable inferences drawn from it in [a] light most favorable to the nonmovant."[2] Viewed in this light, the evidence shows that Liu, a resident of China, was in Atlanta to attend a quarterly sales meeting for his employer, AJC. While in Atlanta, he drove a rental vehicle paid for by AJC. On the night of the collision, Liu was staying at a house in Alpharetta that he owned.

On May 30, 2002, Liu worked at AJC's office in Atlanta until approximately 4:00 or 4:30 p.m. He did no more work after leaving the office that day. He went to a grocery store in Peachtree Corners to purchase items for his children, ate dinner at a restaurant on Buford Highway, and arranged to meet a friend later in the evening. The friend was attending a baseball game at Turner Field, so Liu drove to downtown Atlanta "to find a place, settle down, and wait for [his friend until] the ball game [was] finished." Because he was returning to China the next morning, Liu planned to stay up late so that he "could sleep better on the airplane."

Liu was stopped at a gas station on Ponce de Leon Avenue in Atlanta when a woman approached him and asked for a ride to a nearby location. Liu transported the woman to the address she gave

[1] See *Berry v. Hamilton*, 246 Ga. App. 608 (541 SE2d 428) (2000).
[2] Id.

him. As Liu changed lanes in order to let the woman out of his vehicle at the curb, he struck Banks's motorcycle. The collision occurred at approximately 10:45 p.m. Banks died of the injuries he sustained in the collision, and Liu was charged with vehicular homicide, reckless driving, improper right turn, and no proof of insurance. AJC paid for Liu's bond on the criminal charges and his criminal attorney fees.

Banks's estate and survivors sued AJC for wrongful death. AJC moved for summary judgment, arguing that it could not be held liable for Banks's death as Liu was not acting within the course and scope of his employment at the time of the collision. The trial court agreed and granted summary judgment to AJC. On appeal, Banks asserts that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether Liu was acting within the scope of his employment at the time of the collision and whether AJC ratified his acts.

1. Banks contends that because Liu was driving a vehicle furnished to him by AJC while on an extended out-of-town business trip, AJC is liable for his actions. In Georgia, an employee who is involved in a collision while driving his employer's vehicle is presumed to be acting in the scope of his employment at the time of the collision, and the burden is on the employer to show otherwise "by clear, positive[,] and uncontradicted evidence."[3] We also apply this analysis where the vehicle at issue is a rented one paid for by the employer rather than one owned by the employer.[4]

Here, the evidence shows that Liu finished working at 4:30 p.m. on the day of the collision. He then used the rental vehicle to conduct a personal errand, go to a restaurant, visit a friend, and give a stranger a ride. The collision occurred at 10:45 p.m., while he was giving a stranger a ride, and thus he "was in no manner performing any service that could be considered in the prosecution of his employer's business."[5] The circumstances here are distinguishable from those in *Bozardt*, in which we held that issues of material fact remained as to whether an out-of-town employee was acting in the scope of his employment while driving "to dinner and no other place," as eating may be necessarily incident to the work of an employee traveling on his employer's business.[6] Liu was not traveling from dinner to his residence; he had made a substantial detour for personal reasons unrelated to his job.[7]

---

[3] *Bedford v. Awod*, 248 Ga. App. 28, 29 (2) (545 SE2d 162) (2001).

[4] See *Intl. Business Machines v. Bozardt*, 156 Ga. App. 794, 796 (275 SE2d 376) (1980).

[5] *Collins v. Everidge*, 161 Ga. App. 708, 709 (1) (289 SE2d 804) (1982); see *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 802-803 (2) (418 SE2d 604) (1992).

[6] *Bozardt*, supra at 797-798.

[7] See *Collins*, supra.

Because AJC has shown through Liu's testimony that he was not acting in the scope of his employment at the time of the collision, Banks must come forward with evidence sufficient to contradict that testimony in order to survive a motion for summary judgment.[8] Banks relies on the following testimony by Liu as evidence that Liu was acting within the scope of his employment because he was working the entire time while in Atlanta:

Q: Were you considered to be on the job the whole time you were over here?
A: Yes, and I was working.
Q: What were you doing when you say you were working?
A: I was making phone calls; I answered e-mails; I conducted normal business.

However, this testimony was given in response to questioning about whether Liu worked or took vacation time while he remained in Atlanta for two weeks *after* the collision awaiting his court date on the criminal charges against him. It is simply not probative of whether Liu was working at all times while in Atlanta before or at the time of the collision.

Banks also argues that there was some evidence that Liu's actions prior to the collision were related to his work, including that he purchased gasoline in order to return the rental car to the airport with a full tank and he intended to stay up late so as to sleep on his flight the next day. But Liu undertook these actions for his own convenience, not that of his employer. At best, they are circumstantial evidence which is insufficient to overcome the conclusion that Liu was not acting in the scope of his employment at the time of the collision.[9] Accordingly, the trial court properly granted summary judgment to AJC on this issue.[10]

2. Banks contends that Liu's trip to Atlanta was a "special mission" for AJC such that all his activities on the trip were part of the scope of his employment. However, the special mission doctrine is an exception to the general rule that an employer is not liable for a collision in which an employee is involved while on his way to or from work.[11] It applies when the employee "is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the

---

[8] See *Bedford*, supra at 30 (3).

[9] See *Bonney Motor Express v. Yates*, 171 Ga. App. 754, 755 (1) (320 SE2d 844) (1984).

[10] See id.; *Bedford*, supra.

[11] See *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988).

nature of his employment. . . ."[12] The mission must be "a special or uncustomary one, *made at the employer's request or direction*."[13]

Banks points to no case law in which a multi-day business trip is considered to be a single special mission, during which every action of the employee is deemed to be at the employer's direction. And we decline to read the special mission exception so broadly.[14] Under the circumstances, where Liu had undertaken personal errands completely unrelated to his work, without AJC's request or direction, and unrelated to the nature of his employment, there is no evidence that these errands were part of a special mission, and Banks cannot defeat AJC's motion for summary judgment on this basis.[15]

3. Banks alleges that Liu's acts were within the scope of his employment because AJC ratified them by paying his bond to be released from jail on the criminal charges arising from the collision and by paying his criminal defense fees. But Georgia law provides that "an employer cannot, by ratification, assume liability for the tortious acts of an employee done for purely personal reasons entirely disconnected from the employer's business."[16] As no genuine issue of material fact remains as to the issue of Liu's actions being purely personal and not connected to AJC's business, AJC cannot be held to have ratified his actions and assumed liability for them.[17]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 7, 2007.

*Robert H. Benfield, Jr.*, for appellants.
*Magill & Atkinson, Stephen F. Dermer*, for appellee.

---

[12] *Betsill v. Scale Systems*, 269 Ga. App. 393, 395 (1) (604 SE2d 265) (2004); see *Jones*, supra.

[13] (Punctuation omitted; emphasis in original.) *Betsill*, supra at 396.

[14] See id. (employee who was provided with company vehicle and was on call 24 hours a day was not on a special mission when he undertook a work-related errand without a specific directive from employer).

[15] See *Gassaway v. Precon Corp.*, 280 Ga. App. 351, 353-354 (634 SE2d 153) (2006).

[16] *Travis Pruitt & Assoc. v. Hooper*, 277 Ga. App. 1, 4 (1) (625 SE2d 445) (2005).

[17] See id. at 4-5.