BARNES, Presiding Judge,
dissenting.
Pamela Chambers injured her knee when her supervisor directed her to get up from a desk so that he could complete some paperwork. *408 In this context, where the undisputed evidence shows that the employee was injured while undertaking a physical activity at the express direction of her supervisor, the injury arose out of and in the course of the employment as a matter of law, and the employee should receive workers’ compensation benefits. Because the majority concludes otherwise, I must respectfully dissent.
“The Workers’ Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and the pain and suffering incident to such injuries.” Hennly v. Richardson, 264 Ga. 355, 355-356 (1) (444 SE2d 317) (1994). It is “highly remedial in nature” and “must be construed liberally in favor of the claimant in order to accomplish its beneficent purposes.” (Citation and punctuation omitted.) CGU Ins. Co. v. Sabel Indus., 255 Ga. App. 236, 243 (2) (564 SE2d 836) (2002). See Gassaway v. Precon Corp., 280 Ga. App. 351, 354 (634 SE2d 153) (2006) (workers’ compensation system is “designed especially to protect workers injured in the course of their work”). We must always bear these principles in mind when analyzing whether an accidental injury is compensable under the Act.
An accidental injury is compensable under the Workers’ Compensation Act if the employee’s injury arose out of and in the course of her employment. See OCGA § 34-9-1 (4); Hughston Orthopedic Hosp. v. Wilson, 306 Ga. App. 893, 895 (1) (703 SE2d 17) (2010). “These are two independent and distinct criteria, and an injury is not compensable under the Act unless it satisfies both.” (Citation and punctuation omitted.) Dixie Roadbuilders v. Sallett, 318 Ga. App. 228, 231 (2) (733 SE2d 511) (2012). An injury arises “in the course of” the employment
when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of [her] duties, and while [she] is fulfilling those duties or engaged in doing something incidental thereto. This statutory requirement relates to the time, place and circumstances under which the injury takes place.
(Citations and punctuation omitted.) Id. It is undisputed that Chambers’ injury arose in the course of her employment, and thus that criteria has been satisfied.
“An injury arises ‘out of’ the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury.” Hennly, 264 Ga. at 356 (1). See Fried v. U. S. Fidelity & Guar. Co., 192 Ga. 492, 495 (15 SE2d 704) (1941); Dixie Roadbuilders, 318 Ga. App. at 231 (2). The *409 conditions of employment need not be the sole cause of the employee’s injury; rather, the employment conditions need only be a “contributing proximate cause” to the injury sustained. See Thornton v. Hartford Accident & Indem. Co., 198 Ga. 786, 787 (32 SE2d 816) (1945). See also Ga. Farm Bureau Mut. Ins. Co. v. Troupe, 154 Ga. App. 108, 109 (1) (267 SE2d 834) (1980) (in case involving dispute over no-fault automobile insurance coverage, court notes distinction between “contributing proximate cause” and “sole cause”).
In evaluating whether an accidental injury is compensable, we must defer to the factual findings of the Appellate Division of the State Board of Workers’ Compensation (the “State Board”) if there is any evidence to support them. The Medical Center v. Hernandez, 319 Ga. App. 335 (1) (734 SE2d 557) (2012). Moreover, “[w]hether an injury arises out of and in the course of employment is generally a mixed question of law and fact.” Lee v. Sears, 223 Ga. App. 897 (479 SE2d 196) (1996). Significantly, however, where the material facts are not in dispute, the question whether an injury arises out of and in the course of employment is a question of law. See id.; Thornton, 198 Ga. at 795. And “erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.” (Citation and footnote omitted.) Renu Thrift Store v. Figueroa, 286 Ga. App. 455, 456 (649 SE2d 528) (2007). Here, the material facts are undisputed, and the issue is the application of the law to those facts to determine whether Chambers’ injury arose out of her employment. Thus, contrary to the conclusion reached by the majority, the proper standard of review is de novo.
When that standard of review is applied in the present case, it is clear that the State Board and superior court erred in concluding that Chambers’ injury did not arise out of her employment. This is because the undisputed record before us demonstrates that the conditions of Chambers’ employment were a contributing proximate cause to her knee injury as a matter of law. Specifically, the facts show that on the day of the accident, Chambers, an EMT and firefighter, was working a 24-hour shift and had returned to the fire station after responding to an emergency call. Chambers was seated at a desk in the station when her supervisor approached and asked her to get up from the desk so that he could complete some paperwork. One of Chambers’ job duties was to carry out the instructions of her supervisor, and she immediately stood up from the desk. As she rose from the desk, her left knee made a loud popping noise and she felt instant pain, signaling a knee injury that impaired her ability to carry out her work duties and ultimately required surgery.
As this record demonstrates, Chambers injured her knee as she rose from a desk at the express direction of her supervisor, as she was *410 required to do in accordance with her job duties. In this respect, the State Board found that Chambers’ supervisor “asked [her] to get up from the desk so that he could use it,” and that Chambers complied and injured her knee. Thus, Chambers’ supervisor directed Chambers to undertake the very movement that resulted in her knee injury. When a supervisor expressly directs an employee to undertake a specific physical activity, and the employee is then injured while carrying out that very activity, there is a sufficient causal connection between the conditions of employment and the resulting injury to warrant compensation, no matter how mundane the physical activity itself (i.e., walking, standing, etc.) may be. See, e.g., Harris v. Peach County Bd. of Commrs., 296 Ga. App. 225, 228 (674 SE2d 36) (2009) (employee’s knee injury, which resulted from her reaching down to pick up her personal medication off the workplace floor, was compensable, where, among other things, “her supervisor required and expected her to remove the pill from the floor”).[3] Any other result would turn the principle that the Workers’ Compensation Act is to be “liberally construed to provide coverage to the worker” on its head. Gassaway, 280 Ga. App. at 354.
It is true that Georgia courts have stated that an employee’s injury is not compensable if the injury “results from a risk to which the employee would have been equally exposed apart from any condition of employment,” and that “the injury does not arise out of the employment where the causative danger is not ‘peculiar to the work’ in a way that causally connects the employment to the injury.” (Citations and punctuation omitted.) Chaparral Boats v. Heath, 269 Ga. App. 339, 343 (1) (606 SE2d 567) (2004). Interpreted too expansively, however, these principles would eliminate from compensation a large number of injuries sustained at work simply because the claimant might perform the same physical activity outside of the workplace.[4] Where, as in the present case, an employer through its *411 agent expressly directs an employee to undertake a specific physical activity, and the employee is then injured while carrying out that very activity, then the “causative danger” faced by the employee is not independent of the employment relationship, and there is a straightforward causal connection between the employment and the injury justifying compensation.
Decided July 16, 2014 —
Knott & Lemon, Paul M. Knott, for appellant.
Murphy & Sibley, Phillip A. Sibley, for appellee.
For these combined reasons, the evidence demonstrates that Chambers’ knee injury arose out of and in the course of her employment as a matter of law. Consequently, Chambers is entitled to workers’ compensation benefits, and the State Board and superior court erred in reaching the opposite conclusion. Because I would reverse the judgment entered in favor of Chambers’ employer, I respectfully dissent.
I am authorized to state that Judge Miller joins in this dissent.

 Neither Chaparral Boats v. Heath, 269 Ga. App. 339 (606 SE2d 567) (2004), nor St. Joseph’s Hosp. v. Ward, 300 Ga. App. 845 (686 SE2d 443) (2009), cited by the majority, involved a supervisor directing the employee to undertake a specific physical activity that resulted in the employee’s injury.

 Notably, New Amsterdam Cas. Co. v. Sumrell, 30 Ga. App. 682 (118 SE 786) (1923) was the first Georgia case setting out the principles that an injury is not compensable if it “comes from a hazard to which the workmen would have been equally exposed apart from the employment,” and that “[tjhe causative danger must be peculiar to the work, and not common to the neighborhood.” Id. at 688 (2), quoting In re Employers’Liability Assur. Corp., 102 NE 697 (1) (Mass. 1913). In New Amsterdam, a traveling salesman died after running over a dog while driving alone at night, id. at 686 (2), and it was in that unusual context that the court discussed these principles. Id. at 688 (2). Other early cases discussing these principles also involved unique factual circumstances. See Thornton, 198 Ga. at 787-795 (traveling salesman slipped and fell while returning to hotel after dinner); Fried, 192 Ga. at 493-496 (employee died after *411 entering the place of business of a third person for the purpose of collecting a bill owed to his employer and engaging in disorderly conduct at the office). These early cases from which these principles originated are a far cry from the situation where an employee sustains an injury while undertaking some physical activity at the workplace consistent with her job duties.