**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 24, 2020**

# In the Court of Appeals of Georgia

A20A0452. MANNION & MANNION, INC. v. MENDEZ.

MARKLE, Judge.

After Jesus Mendez was injured in an accident while riding his motorcycle, he sued the driver of the car that struck him, Loren Blunkall, and Blunkall's employer, Mannion & Mannion, Inc. (M&M), asserting vicarious liability claims against M&M. The trial court denied M&M's motion for summary judgment, and certified the order for immediate appeal. This Court granted the interlocutory appeal, and this appeal followed. Because we conclude that there were no genuine issues of material fact with respect to whether Blunkall was acting in the scope of his employment with M&M at the time of the accident, the trial court erred in denying summary judgment. We therefore reverse the trial court's order.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, [M&M], as the moving party, must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *In/Ex Sys., Inc. v. Masud*, 352 Ga. App. 722, 723 (2) (835 SE2d 799) (2019). Additionally, we look to the

well-established rules governing circumstantial and direct evidence on summary judgment. Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed. Generally, in passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. . . . Circumstantial evidence . . . may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be less probable. There is no requirement that other theories be conclusively excluded.

2

(Citations, punctuation, and emphasis omitted.) *Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (818 SE2d 575) (2018).

So viewed, the evidence shows that, in March 2016, Blunkall worked for M&M as a mechanic. Blunkall was an hourly employee with no set lunch period, and he often went to lunch with a co-worker who lived across the street from M&M's lot. Before he would leave for lunch, he would tell the other employees working in the office that he and his co-worker were headed to lunch. Although M&M had a time clock, Blunkall did not always clock in and out for lunch.

On the day of the accident, other M&M employees heard Blunkall say he was leaving for lunch. As he left M&M's lot to go to lunch with his co-worker, and pulled into the intersection, Blunkall struck Mendez's motorcycle, knocking Mendez off the bike and injuring him.

The car Blunkall was driving belonged to his girlfriend. He was not on the phone at the time of the accident, although he made a brief phone call to a parts distributor for M&M about thirty minutes prior to the accident. The part he ordered was to be delivered to M&M. Blunkall was aware of two prior instances where someone from M&M called him during his lunch break and asked him to run an errand on his way back to work. On this day, however, no one had called or otherwise

asked him to run an errand for M&M during or on the way back from lunch. Blunkall was not paid for the hours he missed due to the accident.

Following the accident, Mendez sued Blunkall for negligence, adding M&M as a defendant under a theory of vicarious liability. M&M moved for summary judgment, arguing that it could not be liable because Blunkall was not acting in the scope of his employment at the time of the accident.[1] Following a hearing, the trial court denied the motion, but certified its order for immediate review. We granted interlocutory review, and this appeal followed.

In its sole enumeration of error, M&M argues that the trial court erred in denying its summary judgment motion because all of the evidence showed that

---

[1] Mendez also filed a motion for spoliation sanctions based on M&M's failure to preserve Blunkall's time cards. The trial court denied the motion, and Mendez has not filed a cross-appeal to challenge that ruling. See OCGA § 5-6-38 (a). Nevertheless, in his appellate brief, Mendez refers to the spoliation of evidence.

"The general rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings. However, a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal." (Citations omitted.) *Ga. Society of Plastic Surgeons, Inc. v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987). Here, Blunkhall's time cards are not material because the undisputed testimony was that he was on his lunch break at the time of the accident and was not conducting any business for M&M. Therefore, the spoliation issue does not affect the analysis and we need not address it. See *Bath v. Intl. Paper Co.*, 343 Ga. App. 324, 331 (2) (807 SE2d 64) (2017).

Blunkall was on his lunch break and not running an errand for M&M at the time of the accident, and therefore it could not be vicariously liable for Blunkall's alleged negligence. We agree.

It is well-settled that an employer is liable for the negligent or intentional torts committed by its employees in the scope of employment. OCGA § 51-2-2. As we have explained,

> [w]hen a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. Where a tort occurs while an employee has stepped aside from his employer's business to do an act entirely disconnected from that business, the employer has no liability. As such, Georgia courts have consistently held that where an employee takes a break for lunch and is not otherwise engaged in his employer's business, the employee is on a purely personal mission.

(Citations and punctuation omitted.) *Matheson v. Braden*, 310 Ga. App. 585, 586-587 (713 SE2d 723) (2011); see also *Gassaway v. Precon Corp.*, 280 Ga. App. 351, 352-353 (634 SE2d 153) (2006).

In other words,

> to hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's

5

business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. *The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.*

(Citation and punctuation omitted.) *Farzaneh v. Merit Constr. Co. Inc.*, 309 Ga. App. 637, 639 (710 SE2d 839) (2011). Generally, vicarious liability is a question for the jury, but a trial court may resolve the issue as a matter of law when the evidence "is so plain and undisputable." Id. Moreover, although circumstantial evidence may preclude summary judgment, "[s]ummary judgment cannot be avoided based on speculation and conjecture[.]" (Citation omitted.) *Cowart v. Widener*, 287 Ga. 622, 633 (3) (c) (697 SE2d 779) (2010). And, "[a]lthough the plaintiff is entitled to the benefit of all reasonable inferences to be drawn from the evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative." (Citation and punctuation omitted.) *Hoffman v. AC&S Inc.*, 248 Ga. App. 608, 610 (2) (548 SE2d 379) (2001).

Here, Blunkall was not acting within the scope of his employment at the time of the accident as a matter of law, and thus, M&M was entitled to summary judgment. Although Mendez contends that Blunkall was on his way to run an errand for M&M,

specifically to pick up a part, there is no evidentiary support for that theory; it is mere speculation. Instead, the evidence showed that Blunkall was driving his own truck on his way to lunch with a co-worker at the time of the accident. Both Blunkall and the co-worker testified to this; other M&M employees confirmed that Blunkall announced he was leaving for lunch; and the parts distributor testified that, although Blunkall called them to order a part shortly before the accident, the part he ordered was to be delivered and not picked up.[2] See *Nelson v. Silver Dollar City, Inc.*, 249 Ga. App. 139, 145-146 (4) (547 SE2d 630) (2001) (employer entitled to summary judgment where employee testified that, at the time of the incident, she was on her way to lunch, and there was no evidence that she was performing any work-related errand at the time); see also *Yim v. Carr*, 349 Ga. App. 892, 898 (1) (b) (827 SE2d 685) (2019) (evidence showed that driver was not acting in the course of her

---

[2] Mendez contends that the distributor's affidavit and accompanying documents are inadmissible hearsay. Although the documents are not authenticated, the affidavit is sworn testimony and is admissible at the summary judgment stage. OCGA § 9-11-56 (c), (e). In her sworn testimony, the witness stated that, based on her personal knowledge of the account, the part was delivered and not picked up.

employment at the time of the accident, and lack of conflicting evidence made summary judgment on vicarious liability claim proper).[3]

The only evidence Mendez offered to counter these facts was that Blunkall testified he was picking up lunch from a restaurant that was actually closed for lunch; Blunkall was driving in the direction of the parts distributor; he would clock out for his lunch break before leaving M&M's lot, but he did not clock out on the day of the accident; M&M could call employees on their lunch break and instruct them to run an errand or return to work; and that M&M employees occasionally ran errands for the business using their own cars. Mendez contends that these facts are circumstantial evidence that precludes summary judgment.

But this evidence is mere conjecture and speculation that cannot defeat summary judgment in the face of the uncontroverted evidence that Blunkall was on his lunch break at the time of the accident.[4] *Hoffman*, 248 Ga. App. at 610 (2); *Aubrey*

---

[3] We are not persuaded by Mendez's attempt to distinguish *Yim*. Here, as in *Yim*, the uncontroverted evidence showed that the driver was not acting in the scope of his employment at the time of the accident.

[4] To the extent that Mendez argues that Blunkall's testimony is contradictory and must be construed against him under the *Prophecy* rule, that argument is without merit. Specifically, Mendez contends that Blunkall's testimony that he clocked out when leaving for lunch conflicts with his testimony that he was on his lunch break because he had not clocked out on the day of the accident. Even assuming that the

*Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739 (356 SE2d 693) (1987) (despite evidence that the employee involved in the wreck often used his lunch hour to run business errands, because the evidence showed that at the time of the wreck he was engaged in the purely personal mission of meeting his wife for lunch, the employer was entitled to summary judgment); see also *Charles v. Glover*, 258 Ga. App. 710, 711 (574 SE2d 910) (2002) ("An inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.") (citation and punctuation omitted).

The "positive and uncontradicted evidence" here was that Blunkall was on his lunch break at the time of the accident. *Patterson*, 304 Ga. at 236. Under the long-standing rule that an employer cannot be held vicariously liable for acts of its employees that occur during a purely personal mission, M&M was entitled to

---

rule applied to Blunkall's testimony where he was not the respondent to summary judgment, these are not contradictory statements under the *Prophecy* rule. Cf. *State Farm Mut. Automobile Ins. Co. v. Fabrizio*, 344 Ga. App. 264, 265-266 (809 SE2d 496) (2018). Blunkall testified that he was not consistent in clocking in and out for lunch.

summary judgment. *Matheson*, 310 Ga. App. at 586-587. Accordingly, the trial court erred in denying M&M's motion for summary judgment, and we reverse.

*Judgment reversed. Reese, P. J., and Colvin, J., concur*.